NUMBER 13-05-00540-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

                                                                                                                       


ALMA GARZA MARTINEZ,                                                               Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

                                                                                                                       


             On appeal from the County Court at
Law Number 2

                                        of
Hidalgo County, Texas.

                                                          
                                                             

                       MEMORANDUM OPINION

 

               Before Justices Hinojosa,
Rodriguez, and Garza

                         Memorandum
Opinion by Justice Hinojosa

 








After the trial court denied her motion to suppress
the evidence, appellant, Alma Garza Martinez, pleaded guilty to the offense of
driving while intoxicated.[1]  The trial court (1) found appellant guilty,
(2) assessed her punishment at ninety days in the county jail and a $400 fine,
(3) suspended the jail sentence, and (4) placed her on community supervision
for a term of eighteen months.  In a
single issue, appellant contends the trial court erred in denying her motion to
suppress the evidence.  We reverse and remand.

                                                   A.
 Factual Background

While on patrol at 2:00 a.m. on August 4, 2004,
McAllen Police Officer Leo Escalon=s attention was drawn to a vehicle, directly in
front of him, heading east on
Nolana Street.  As the car approached the
intersection of Nolana and 2nd Street, Officer Escalon saw the car stop in the
intersection, beyond the designated point.[2]  The driver placed the car in reverse until it
was behind the designated point and waited for the traffic light to turn
green.  When the light turned green, the
car proceeded through the intersection. 
Officer Escalon then stopped the car. 
Appellant was the driver of the car. 


Officer Escalon testified that after he
approached the car, he smelled alcohol on appellant=s breath. 
He then performed several field sobriety tests which indicated that
appellant was intoxicated.  Officer
Escalon arrested appellant and took her to the police station.

B. Discussion

In a single issue, appellant contends the
trial court erred in denying her motion to suppress the evidence. Specifically,
she asserts that Officer Escalon did not have reasonable suspicion to make an
investigatory detention.

                                                              1.  Applicable Law








To suppress evidence on an alleged Fourth
Amendment violation, the defendant bears the initial burden of producing evidence
that rebuts the presumption of proper police conduct.  Russell v. State, 717 S.W.2d 7, 9 (Tex.
Crim. App. 1986).  A defendant satisfies
this burden by establishing that a search or seizure occurred without a
warrant.  Bishop v. State, 85
S.W.3d 819, 822 (Tex. Crim. App. 2002). 
Once the defendant has made this showing, the burden of proof shifts to
the State to establish that the search or seizure was conducted pursuant to a
warrant or was reasonable.  Id.  When a traffic violation is committed within
an officer=s view, the officer may lawfully stop and
detain the person for the traffic violation.  Walter v. State, 28 S.W.3d 538, 542 (Tex.
Crim. App. 2000).

An officer conducts a lawful temporary
detention when he has reasonable suspicion to believe that an individual is
violating the law.  Balentine v. State,
71 S.W.3d 763, 768 (Tex. Crim. App. 2002). 
Reasonable suspicion exists if the officer has specific, articulable
facts that, when combined with rational inferences from those facts, would lead
him to reasonably conclude that a particular person actually is, has been, or
soon will be engaged in criminal activity. 
Garcia v. State, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001).  This is an objective standard that disregards
any subjective intent of the officer making the stop and looks solely to
whether an objective basis for the stop exists. 
Id.  A reasonable-suspicion
determination is made by considering the totality of the circumstances.  Id.

                                                          2.  Standard of Review








In evaluating the totality of the
circumstances, we use a bifurcated standard of review.  Ford v. State, 158 S.W.3d 488, 493
(Tex. Crim. App. 2005).  In reviewing the
trial court's decision, we do not engage in our own factual review.  Romero v. State, 800 S.W.2d 539, 543
(Tex. Crim. App. 1990); Best v. State, 118 S.W.3d 857, 861 (Tex. App.BFort Worth 2003, no pet.).  We give almost total deference to the trial
court's determination of historical facts and review de novo the trial court's
application of law to facts not turning on credibility and demeanor.   Guzman v. State, 955 S.W.2d 85, 88-89
(Tex. Crim. App. 1997).  Because the
trial court did not make explicit findings of fact in this case, we review the
evidence in a light most favorable to the trial court's ruling and assume that
the trial court made implicit findings of fact supported by the record.  Balentine, 71 S.W.3d at 768.  We must uphold the trial court's ruling if it
is supported by the record and correct under any theory of law applicable to
the case even if the trial court gave the wrong reason for its ruling.  Armendariz v. State, 123 S.W.3d 401,
404 (Tex. Crim. App. 2003); State v. Ross, 32 S.W.3d 853, 856 (Tex.
Crim. App. 2000); Romero, 800 S.W.2d at 543.

On appeal, the question of whether a
specific search or seizure is "reasonable" under the Fourth Amendment
is subject to de novo review.  See
Ornelas v. United States, 517 U.S. 690, 691 (1996) ("we hold that the
ultimate questions of reasonable suspicion and probable cause to make a
warrantless search should be reviewed de novo").  Despite its fact-sensitive analysis,
"reasonableness" is ultimately a question of substantive Fourth
Amendment law.  See U.S. v. Sharpe,
470 U.S. 675, 682 (1985); Guzman, 955 S.W.2d at 88-89.  Questions involving legal principles and the
application of law to established facts are properly reviewed de novo.  Ornelas, 517 U.S. at 691; Walter,
28 S.W.3d at 540.

Thus, in deciding whether appellant=s stop was "reasonable" under the
specific circumstances, we view the trial court's factual findings in the light
most favorable to its ruling, but we decide the issue of "reasonableness"
as a question of Fourth Amendment law under Supreme Court precedent.








                                                              C.
 Application

Because Officer Escalon admitted that he did
not have a warrant, the burden of proof shifted from the defendant to the State
to show that the stop was reasonable.  At
the hearing on the motion to suppress, Officer Escalon answered the State=s questions as follows:

Q:        Okay.  What drew your attention to [appellant=s] vehicle?

 

A:        The
driver of the vehicle failed to stop at a designated point at the intersection
of 2nd and Nolana.  To me, it was a
moving violation, so . . . .

 

Q:        Okay.  When you say failed to stop at a B what do you mean by failed to stop at a
designated point?

 

A:        The
driver of the vehicle stopped after crossing the B the cross lines.

 

The State contends that appellant was
stopped because she violated section 544.007(d) of the Texas Transportation
Code, which provides as follows:

An operator of a vehicle facing only a
steady red signal shall stop at a clearly marked stop line.  In the absence of a stop line, the operator
shall stop before entering the crosswalk on the near side of the
intersection.  A vehicle that is not
turning shall remain standing until an indication to proceed is shown.  After stopping, standing until the
intersection may be entered safely, and yielding right-of-way to pedestrians
lawfully in an adjacent crosswalk and other traffic lawfully using the
intersection, the operator may:

 

(1)       turn
right; or

 

(2)       turn
left, if the intersecting streets are both one-way streets and a left turn is
permissible.

 

Tex. Transp. Code Ann. ' 544.007(d) (Vernon Supp. 2005) (emphasis added). 

On cross-examination, Officer Escalon
answered defense counsel=s questions as follows:








Q:        You
didn=t ticket [appellant] for running a red
light, did you?

A:        No,
sir.

Q:        Okay.  She didn=t run a red light, right?

A:        No,
she did not.

Officer Escalon never testified that the traffic
signal was red when appellant crossed the clearly marked stop line.  The record contains no evidence that
appellant violated section 544.007(d) of the transportation code.  See  id.

Further, the record contains no evidence
that Officer Escalon saw appellant commit any other traffic violation.  Officer Escalon testified that (1) he did not
give appellant  a ticket for obstructing
traffic, (2) appellant was not weaving or going over curbs, (3) there was no
accident, and (4) after backing up, appellant was behind the designated line
and waited for the traffic light to turn green before proceeding through the
intersection.

After reviewing the entire record, we
conclude the State failed to provide any evidence showing how Officer Escalon
could reasonably conclude that appellant had been, was, or was about to be
engaged in criminal activity.  Because
the record contains no evidence which would allow the trial court to conclude
that reasonable suspicion existed, we hold the trial court erred in denying
appellant's motion to suppress the evidence.








The dissent asserts that Officer Escalon
testified that Athe light changed to green as appellant was
backing up.@ 
However, Officer Escalon testified as follows: A[Appellant] started backing up and then the
light changed to green and she proceeded to move forward again.@ 
Unlike the dissent, we do not interpret this testimony to mean that Athe light changed to green as appellant
was backing up.@  The State had the burden of proving that the
officer had reasonable suspicion to believe that appellant was violating the
law.  Officer Escalon could have easily
testified that the light was red when appellant crossed the clearly marked stop
line.  He did not.

D. Disposition

We conclude that the State did not carry its
burden of demonstrating the reasonableness of the stop on the basis of a
suspicion that appellant had violated section 544.007(d) of the transportation
code .  Therefore, we reverse the trial
court's judgment of conviction and remand the cause to that court for further
proceedings consistent with this opinion.

 

FEDERICO G. HINOJOSA

Justice

 

 

Dissenting Memorandum Opinion by Justice
Garza.

 

Do not publish.  See Tex.
R. App. P. 47.2(b).

 

Memorandum Opinion delivered and filed this

the 6th day of July, 2006.











[1]
See Tex. Pen. Code Ann. ' 49.04 (Vernon 2003).





[2]
Officer Escalon
considered this a moving violation.