Martha Lynn **BISHOP**, Appellant,

v.

The **STATE** of Texas.

No. 1887–01.

Court of Criminal Appeals of Texas, En banc.

Sept. 25, 2002.

---

Brian W. Wice, Houston, for Appellant.

Dan McCrory, Assist. DA, Houston, for the State.

## OPINION

JOHNSON, J., delivered the unanimous opinion of the Court.

In a jury trial, appellant was convicted of possession of cocaine weighing at least 400 grams, with intent to deliver. The jury assessed punishment at 60 years confinement and a $250,000 fine. The court of appeals affirmed the judgment and sentence. *Bishop v. State*, No. 14–00–00792–CR, 2001 WL 893309 (Tex.App.-Houston [14th Dist.], delivered August 9, 2001, unpublished). Appellant then filed a petition for discretionary review. We granted review on a single ground.[1]

Prior to trial, appellant filed a "Motion to Suppress Illegally Obtained Evidence," the evidence being the cocaine which had been seized from her vehicle during a traffic stop. Appellant's suppression motion specifically asserted that the seized cocaine should be suppressed and ruled inadmissible because "[t]he traffic stop and search were done with out [sic] a warrant." Appellant thereby alleged a violation of her fourth-amendment right to be secure from unreasonable searches or seizures.

The suppression motion was heard by the trial court on affidavits only. The trial court denied the motion.[2] On appeal, appellant asserted that: 1) the arresting offi-

---

1. "Whether the court of appeals erred in holding that appellant failed to present evidence that her detention was conducted without a search warrant."

2. The affidavit of the state asserts that a hearing on a motion to suppress by affidavit only was "[i]n accordance with the standard policy of the elected judge in that court...." The hearing was actually conducted by a visiting judge. The record reflects that the presiding judge, pursuant to an order of abatement from the court of appeals, made written findings indicating that the trial court had expressly overruled appellant's motion to suppress.

cer lacked reasonable suspicion for the initial traffic stop, and 2) she had not consented to the search; therefore, the trial court had erred in denying her suppression motion. In affirming the conviction, the court of appeals pointed out that "appellant's affidavit contains no statement that the search was performed without a warrant." *Bishop, supra,* slip op. at 4. The court of appeals also noted that, while appellant did claim that she was the subject of a warrantless arrest in her unsworn suppression motion, such a motion was not evidence, and she had therefore "failed to shoulder her burden of rebutting the presumption of proper police conduct[.]" *Id.* at 4–5. The court of appeals also stated, "Appellant did not aver or contend that the State failed to obtain a warrant[,]" and that because appellant "failed to present affirmative testimony that she was arrested without a warrant[,] ... the burden never shifted to the State to either produce evidence of a warrant or prove the reasonableness of detention pursuant to one of the recognized exceptions to the warrant requirement." *Bishop, supra,* slip op. at 3. Accordingly, the court of appeals, without reaching the merits, overruled appellant's claim of lack of probable cause for the initial traffic stop.

Appellant's suppression motion asserted that she was stopped and searched without probable cause and without a warrant. The record reflects that appellant's motion to suppress "was presented to the trial court via affidavits" and that the trial court denied the motion. The record contains an affidavit by appellant and another by the police officer who observed appellant trade vehicles with a male and then followed her after her vehicle was returned to her. The affidavits recount each witness's version of the events surrounding appellant being stopped by police for an alleged traffic violation and the subsequent discovery of cocaine.

Appellant asserts that the plain and unambiguous language of Tex.Code Crim. Pro., Art. 28.01, § 1(6)[3], gives the trial court the authority to determine the merits of a suppression motion on the motion itself, thus the court of appeals should have accepted her motion's assertion of a warrantless search and seizure and addressed the merits of her claim of error in denying her motion.

The state asserts that the record reflects that the trial court chose to determine the merits of appellant's suppression motion on opposing affidavits rather than relying on the assertions in the motion itself; in the absence of any evidence that the trial court actually considered the motion itself as an evidentiary tool, there was no error in denying the suppression motion "since there was no evidence in the affidavits that her seizure was warrantless." The state additionally asserts that the motion itself does not constitute evidence and that the allegations therein are not self-proving. The state also suggests that Art. 28.01, § 1(6), indicates that the trial court may select only one of the methods to determine the merits of a motion to the exclusion of the other two methods, and that by choosing to rule on appellant's motion by affidavit, "the trial court necessarily chose to not do so on the motion itself." The state also suggests that the Art. 28.01, § 1(6), provisions allowing for the determination of the merits "on the motions themselves" indicate that the judge will consider more than one mo-

**3.** Article 28.01, § 1(6) states, "Motions to suppress evidence—When a hearing on the motion to suppress evidence is granted, the court may determine the merits of said motion on the motions themselves, or upon opposing affidavits, or upon oral testimony, subject to the discretion of the court[.]"

**822**

tion, i.e. opposing motions where the state has the opportunity to file a motion in opposition to the defendant's suppression motion.

■ We do not agree with the state's reading of Art. 28.01, § 1(6). The state acknowledges that the plain language of the statute "indicates that a suppression motion may be determined on the motion itself[.]" (State's Brief, p. 3) Although the subsection sets out the different methods of conducting a hearing in the alternative, there is nothing to indicate that a trial court may not use more than one, such as live testimony from some witnesses, and the affidavits of others. Too, the subsection begins with the words "Motions to suppress evidence." Use of the plural in the body of the subsection may indicate only consistency in language.

■ A defendant seeking to suppress evidence on the basis of a Fourth Amendment violation must allege the basis for a Fourth Amendment claim, such as that the search or seizure occurred without a warrant. *Russell v. State,* 717 S.W.2d 7, 9 (Tex.Crim.App.1986). The state must then establish either that the search or seizure was performed under the authority of a warrant or that the warrantless search or seizure was reasonable. *Id.* at 10; *State v. Mercado,* 972 S.W.2d 75, 78 (Tex.Crim. App.1998). In *Rodriguez v. State,* 844 S.W.2d 744, 745 (Tex.Crim.App.1992), this Court unanimously held that, where no witnesses were called and no evidence was presented at a hearing on a motion to suppress, the trial court was permitted, pursuant to Art. 28.01, § 1(6), to determine the merits of the motions "on the motions themselves, or upon opposing affidavits, or upon oral testimony, subject to the discretion of the court." We unanimously concluded that the court of appeals should have considered Rodriguez's motions *and* the attached affidavit in determining the merits of the motions. *Id.*

In the instant case, the court of appeals noted that, while appellant did claim that she was the subject of a warrantless arrest in her suppression motion, her affidavit did not make such a claim. *Bishop v. State, supra,* at 4. It then affirmed the conviction, saying that appellant had alleged the lack of a warrant only in her unsworn motion to suppress and not in her affidavit and that she had therefore not alleged lack of a warrant.

Appellant's motion to suppress asserted that the traffic stop and search were done without a warrant. By providing for a determination of the merits of such a motion on the motion itself, Art. 28.01, § 1(6), established the motion to suppress as the basis for an allegation of a Fourth Amendment violation. We conclude that, pursuant to *Rodriguez,* the court of appeals should have considered both appellant's motion to suppress and the affidavits in addressing appellant's complaint about the trial court's ruling on that motion.

Accordingly, we sustain appellant's ground for review, reverse the judgment of the court of appeals, and remand this cause to that court for further action consistent with this opinion.