Affirmed and Opinion filed December 12, 2002















Affirmed and
Opinion filed December 12, 2002.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-00-00792-CR

____________

 

MARTHA LYNN BISHOP, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

_______________________________________________

 

On Appeal from
the 228th District Court

Harris County, Texas

Trial Court
Cause No. 835,973

 

_______________________________________________

 

O P I N I O
N 
 O N   R
E M A N D

            Appellant, Martha Lynn Bishop, was
convicted by a jury of possession of cocaine with intent to deliver.  Tex.
Health & Safety Code Ann. § 481.112(f).  The jury assessed punishment at sixty years
confinement in the Texas Department of Criminal Justice.  On original submission, appellant contended
the trial court erred in denying her motion to suppress evidence and motion for
mistrial.  This court held appellant
waived error with regard to her contention that the officer lacked reasonable
suspicion to stop her vehicle because appellant failed to state in her
affidavit that the search was warrantless.  Bishop v. State, No. 14-00-00792-CR; (Tex. App.—Houston [14th Dist.] August 9,
 2001) (not designated for publication).  On petition for discretionary review, the
Court of Criminal Appeals held that because appellant stated in her motion to
suppress that the search was without a warrant, and because the motion was submitted
on affidavits alone, appellant had preserved error.  Bishop v. State, 85 S.W.3d 819, 822 (Tex. Crim. App. 2002).  The court remanded the case for consideration
of appellant’s first issue.

            In her first issue, appellant
contends the trial court erred in denying her motion to suppress evidence.  Appellant incorrectly bases this contention
on the State’s failure to show probable cause for the initial traffic
stop.  When reviewing the trial court’s
ruling on a motion to suppress evidence, we give almost total deference to a
trial court’s determination of historical facts and review de novo the trial
court’s application of the law to the facts. 
Carmouche v. State, 10 S.W.3d 323,
327 (Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85, 88–89 (Tex. Crim.
App. 1997).  Because the trial
court did not make explicit findings of historical fact in the instant case, we
will review the evidence in a light most favorable to the trial court’s
ruling.  See Carmouche, 10
S.W.3d at 327–28.  We must examine
the record as it existed at the time of the suppression hearing.  O’hara v. State, 27 S.W.3d 548, 551 (Tex. Crim. App. 2000).  Therefore, we will review the trial court’s
decision in light of the affidavits submitted with the motion to suppress.

Background

            On January 6, 2000, during the course of
conducting narcotics surveillance, Officer Virgil Price observed appellant and
suspected drug trafficker William Adare in a
restaurant parking lot.  Price witnessed
a number of furtive interactions and transactions between appellant, Adare, and a third man. 
He followed appellant when she drove away from the meeting.  Price observed appellant failing to maintain
a single lane on several occasions.  He
contacted another officer driving a marked police vehicle and instructed him to
stop appellant for the traffic violation. 
Price arrived at the scene where the officer was detaining
appellant.  Price stated, in his
affidavit, that he obtained verbal permission from appellant to search the
vehicle.  Appellant denied she gave consent
to search her vehicle.  Officer Price
discovered a large amount of cocaine during the search.  Prior to trial, appellant filed a motion to
suppress all evidence surrounding the contraband because Price seized it as the
result of an unlawful traffic stop.  The
trial court denied appellant’s motion after considering the evidence outlined
in the affidavits submitted by appellant and Price.

Reasonable Suspicion

            When a police officer stops a
defendant without a warrant and without the defendant’s consent, the State
bears the burden at a suppression hearing to prove the reasonableness of the
stop.  Russell v. State, 717 S.W.2d 7, 9–10 (Tex. Crim. App. 1986). 
A police officer can stop and briefly detain a person for investigative
purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity may be afoot.  Terry v. Ohio, 392 U.S. 1, 29, 88 S. Ct. 1868, 20 L.Ed.2d 889 (1968). 
The reasonableness of a temporary detention must be examined in terms of
the totality of the circumstances and will be justified when the detaining
officer has specific articulable facts which, taken
together with rational inferences from those facts, lead the officer to
conclude the person detained is, has been, or soon will be, engaged in criminal
activity.  Woods v. State, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997).

            An officer may lawfully stop a
motorist who commits a traffic violation. 
McVickers v. State, 874 S.W.2d
662, 664 (Tex. Crim. App. 1993).  Section 545.060 of the Texas Transportation
Code requires an operator on a roadway divided into two or more clearly marked
lanes of traffic to (1) drive, as nearly as practical, entirely within a single
lane; and (2) not move from the lane unless that movement can be made safely.  Appellant contends the State failed to show
appellant violated section 545.060 because it failed to show appellant’s
movement from lane to lane was not safe. 
In support of this argument, appellant contends her case is indistinguishable
from Aviles v. State, 23 S.W.3d 74
(Tex. App.—Houston [14th
Dist.] 2000, pet. ref’d).  

            In Aviles, this court found the police officer did
not have reasonable suspicion to stop the defendant because he did not make an
unsafe lane change in violation of section 545.060 of the Transportation
Code.  The defendant in Aviles signaled
his intent to change lanes and deliberately moved across two lanes of traffic
to avoid a collision with a vehicle on the shoulder.  Here, appellant left
her lane on several occasions, indicating erratic and careless driving rather
than deliberate maneuvering.  It was not
unreasonable for Officer Price to conclude that appellant’s erratic driving was
unsafe.  Price’s affidavit stating that appellant
left her lane of traffic several times constitutes sufficient evidence to
justify an investigatory detention. 
Appellant’s first issue is overruled.

            The judgment of the trial court is
affirmed.

                                                                                    

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment
rendered and Opinion filed December
 12, 2002.

Panel
consists of Justices Anderson, Hudson, and Seymore.

Do Not
Publish — Tex. R. App.
P. 47.3(b).