6-96-028-CV Long Trusts v. Dowd 



















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00129-CR
______________________________




EX PARTE TERRY LEWIS MILLER




                                                                                                                                                             

Original Habeas Corpus Proceeding





                                                                                                                                                             
                          


Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter



MEMORANDUM OPINION
            Terry Lewis Miller seeks post-conviction relief pursuant to Chapter Eleven of the Texas
Code of Criminal Procedure.


 Miller has asked us to provide additional judicial review of his Gregg
County conviction for aggravated assault.


 
            In his application, Miller first contends he received ineffective assistance of counsel at trial. 
He next asserts his guilty plea was not willingly and voluntarily given. Finally, Miller asks this
Court to provide him with copies of his appellate record pursuant to Article 40.09 of the Texas Code
of Criminal Procedure so that he may seek additional relief elsewhere.



            This Court's original and appellate jurisdiction is limited by the Texas Constitution and by
the statutes promulgated by the Texas Legislature. The Texas Constitution grants this Court with
original jurisdiction only in cases where specifically prescribed by law. Tex. Const. art. V, § 6. As
it relates to the case now before us, we are not among the list of courts authorized by the Texas
Legislature to issue post-conviction writs of habeas corpus; only the Texas Court of Criminal
Appeals, the district courts, the county courts, and any judge of those courts, have the power to issue
post-conviction writs of habeas corpus. Tex. Code Crim. Proc. Ann. art. 11.05 (Vernon 1977). 
We also are not authorized under Tex. Gov't Code Ann. § 22.221 (Vernon 2004) to consider an
original habeas corpus application. Our law requires that post-conviction applications for writs of
habeas corpus, for felony cases in which the death penalty was not assessed, be filed in the court of
original conviction, made returnable to the Texas Court of Criminal Appeals. Tex. Code Crim.
Proc. Ann. art. 11.07(3)(a)( b) (Vernon Supp. 2004–2005). We are, therefore, without jurisdiction
to consider Miller's post-conviction application for writ of habeas corpus. See Watson v. State, 96
S.W.3d 497, 500 (Tex. App.—Amarillo 2002, pet. ref'd) (dismissing two points of error within
appeal of denial of motion for post-conviction DNA testing because those points of appeal amounted
to request for original habeas relief, which court was without jurisdiction to grant).
            We dismiss Miller's application for a post-conviction writ of habeas corpus in this case for
want of jurisdiction.

                                                                                    Jack Carter
                                                                                    Justice

Date Submitted:          September 9, 2004
Date Decided:             September 10, 2004

Do Not Publish



rs seized abandoned property that has been
voluntarily abandoned, no violation of the Fourth Amendment occurs. Hawkins v. State, 758 S.W.2d
255, 257 (Tex. Crim. App. 1988). Voluntary abandonment occurs if the defendant intended to
abandon the property and the decision to abandon the property was not induced by police
misconduct. Brimage v. State, 918 S.W.2d 466, 507 (Tex. Crim. App. 1996) (op. on reh'g). 

 There is no evidence suggesting Mouton desired to retain the envelope after using it to clean
himself. Equally essential is the lack of an indication that Mouton's abandonment of the envelope
was the product of police misconduct: the incident was not filmed by the officer's in-car camera,
Ashby did not say he ordered Mouton to drop the envelope, and no witnesses testified Mouton
abandoned the envelope as a result of Ashby's misconduct. See id. Nor does Mouton himself
contend he dropped the envelope as a result of police misconduct. Therefore, we believe the weight
of the evidence supports a finding that Mouton voluntarily abandoned the white envelope before
Ashby retrieved it. See Ross, 32 S.W.3d at 856 (reviewing court must afford deference to factual
findings that would support the trial court's ruling). As abandoned property, Ashby was free to
retrieve the envelope and inspect its contents. State v. Velasquez, 994 S.W.2d 676, 679 (Tex. Crim.
App. 1999) (drugs found in defendant's abandoned luggage are not subject to Fourth Amendment
protections). Accordingly, no Fourth Amendment violation occurred as a result of Ashby opening
the envelope. Probable cause to arrest existed once Ashby opened the envelope abandoned by
Mouton and discovered the marihuana. See id. (drugs found in the defendant's abandoned luggage
provided probable cause for the arrest). The resulting search of Mouton's person was a lawful search
incident to his arrest for the marihuana. The trial court did not err in denying Mouton's Motion to
Suppress the cocaine seized from Mouton's person.

 Mouton further argues the trial court should have suppressed the items seized from his
vehicle as the product of an illegal search. The Motion to Suppress filed with the trial court alleges
that "no reasonable suspicion nor probable cause existed that the vehicle contained any
instrumentalities of a crime or contraband and all items seized [from the car] were seized illegally
without a warrant and/or by other legal process." Because he presented this issue in a written motion
to the trial court, Mouton preserved this issue for our review. Tex. R. App. P. 33.1.

 In a motion to suppress the fruits of a police search, a defendant has the initial burden of
proof. Bishop v. State, 85 S.W.3d 819, 821 (Tex. Crim. App. 2002). After a defendant shows a
warrantless search occurred, the burden shifts to the State to prove a warrant existed or an exception
to the Fourth Amendment justifies the warrantless search. Id. at 822. If clear and convincing proof
justifying the warrantless search is not presented before the trial court, the illegally obtained evidence
may not be admitted at trial. See State v. Ibarra, 953 S.W.2d 242, 245 (Tex. Crim. App. 1997). In
the case at bar, it appears the parties agreed a warrantless search occurred, so the State assumed its
burden of proving an exception to the Fourth Amendment justified the search of Mouton's vehicle.

 One exception to the Fourth Amendment prohibition against warrantless searches is a search
incident to arrest. New York v. Belton, 453 U.S. 454 (1981). "[W]hen a policeman has made a
lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of
that arrest, search the passenger compartment of that automobile." Id., 454 U.S. at 460. In the case
at bar, Ashby testified he searched the vehicle following Mouton's arrest. Therefore, the search was
permissible under the Fourth Amendment. Though the trial court's denial of Mouton's arrest did not
rest on this theory, and though the State failed to argue this exception before the trial court, we are
authorized to uphold a trial court's denial of a Motion to Suppress under any theory applicable to the
case. A syringe containing a clear liquid substance was found on the driver's side floorboard, a
spoon was found between the cupholders in the center console, and Brillo pads were found in the
center console. Because an automobile search incident to the driver's arrest is a clear exception to
the Fourth Amendment's warrant requirement, we cannot say the trial court abused its discretion by
overruling Mouton's Motion to Suppress.

 We affirm the trial court's judgment.

 


 Ben Z. Grant*

 Justice


*Justice, Retired, Sitting by Assignment


Date Submitted: November 20, 2002

Date Decided: March 7, 2003


Publish