Affirmed and Memorandum Opinion filed May 22, 2008








Affirmed and Memorandum Opinion filed May 22, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00193-CR

_______________

 

LUTHER WINDHAM, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 344th District Court

Chambers County, Texas

Trial Court Cause No.13943

                                                                                                                                               


 

M E M O R A N D U M  O P I N I O N

Luther Windham appeals a conviction
for driving while intoxicated on grounds that (1) the stop of appellant=s vehicle could not be justified
under the Acommunity caretaking@ doctrine; and (2) there was no reasonable suspicion to
justify stopping appellant=s vehicle on the basis that appellant violated section 42.03
of the Texas Penal Code.  We affirm.








Background

On February 25, 2006, appellant was
operating a Ford pickup truck in the west-bound lane of the feeder road on the
south side of Interstate 10 in Chambers County.  At approximately 3 a.m.,
Officer James E. Thomas observed appellant stopped in a traveled lane of
traffic on the feeder road.  The truck=s lights were on and the truck
appeared to be running, but it did not move for at least eight seconds. 
Officer Thomas was unable to see inside the cab due to the darkness.

After Officer Thomas saw the truck
begin to move, he initiated a traffic stop by turning on his lights and pulling
behind appellant. Appellant came to a stop under an overpass, and Officer
Thomas approached his truck.   Officer Thomas immediately smelled alcohol and
began to investigate appellant for the offense of driving while intoxicated. 
Upon concluding his investigation, Officer Thomas arrested appellant for
driving while intoxicated and issued a warning for parking in a roadway.

Appellant had four prior offenses for
driving while intoxicated in the state of Louisiana.  He also had an
outstanding warrant from Georgia.

On June 9, 2006, appellant was
indicted for a felony offense of driving while intoxicated.  On September 14,
2006, appellant filed a motion to suppress evidence, alleging he was detained
and arrested in violation of the Texas and United States Constitutions without
reasonable suspicion or probable cause to believe that appellant had committed
any offense.

A hearing was held on appellant=s motion on November 2, 2006. 
Appellant limited his grounds for the suppression hearing to the issues raised
in this appeal.  Officer Thomas testified at the suppression hearing that he
had two reasons for stopping appellant: (1) he thought appellant was violating
section 545.302 of the Texas Transportation Code (parking illegally); and (2)
to ascertain if appellant was in need of assistance (community caretaking
doctrine).








The trial court denied the motion to
suppress in a letter to the parties and signed Findings of Fact and Conclusions
of Law incorporating the letter to support its decision.   The trial court held
that appellant was not in violation of section 545.302 of the Texas
Transportation Code, but concluded that Officer Thomas= initial detention of appellant was
justified under the Acommunity caretaking@ doctrine.  The trial court said
Officer Thomas would have Abeen derelict in his duty@ if he had not stopped appellant to
ascertain if appellant needed assistance.

The trial court also found the
detention justifiable under Section 42.03 of the Texas Penal Code (obstructing
highway or other passageway).  The trial court noted this was not the statutory
basis given by Officer Thomas, but determined that an officer need not
articulate the precise statutory grounds so long as objective grounds existed
in fact at the time an individual is pulled over.  Appellant pleaded guilty in
a plea agreement that allowed for punishment of five years= incarceration, while preserving the
right to appeal the results of the suppression hearing.

Standard of Review

We review a trial court=s denial of a motion to suppress for
abuse of discretion. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim.
App. 2000); Goudeau v. State, 209 S.W.3d 713, 715 (Tex. App.CHouston [14th Dist.] 2006, no pet.). 
When the trial court denies a motion to suppress, we review the factual
findings for clear error and the application of those facts to the law de
novo.  Carmouche, 10 S.W.3d at 327.








AThe United States Supreme Court held
that a police officer can stop and briefly detain a person for investigative
purposes if the officer has a reasonable suspicion supported by articulable
facts that criminal activity >may be afoot,= even if the officer lacks probable
cause.@ Woods v. State, 956 S.W.2d
33, 35 (Tex. Crim. App. 1997); see Terry v. Ohio, 392 U.S. 1, 29
(1968).  A routine traffic stop resembles an investigative detention, and must
be reasonably related in scope to the circumstances that justified the initial
investigative stop.  State v. Cardenas, 36 S.W.3d 243, 246 (Tex. App.CHouston [1st Dist.] 2001, pet. ref=d).  A temporary detention of an
automobile during a traffic stop constitutes a seizure within the meaning of
the Fourth Amendment.  Whren v. United States, 517 U.S. 806, 809-10
(1996). 

A police officer may stop an
automobile when that officer has a reasonable suspicion to believe that a
traffic violation has occurred. Woods, 956 S.W.2d at 35; Goudeau,
209 S.W.3d at 716.  The burden is on the State to justify the investigatory
detention as reasonable.  Bishop v. State, 85 S.W.3d 819, 822 (Tex.
Crim. App. 2002); Goudeau, 209 S.W.3d at 716. The test for a Areasonable suspicion@ is whether a reasonable person would
have believed that a traffic violation had occurred.  Bishop, 85 S.W.3d
at 822.  AA trooper=s incorrect belief that a motorist is in violation of state
traffic laws is insufficient to justify a vehicle stop.@  United States v. Granado,
302 F.3d 421, 423 (5th Cir. 2002); Goudeau, 209 S.W.3d at 716; see
also United States  v. Miller, 146 F.3d 274,  279 (5th Cir. 1998) (the
legal justification for pulling a driver over must be objectively grounded). 
The good-faith intent of the officer does not provide a justification when no
objective traffic violation has occurred.  See Goudeau, 209 S.W.3d at
716; see also Miller, 146 F.3d at 279 (Agiven that having a turn signal on is
not a violation of Texas law, no objective basis for probable cause justified
the stop of [defendant]@).

ADuring an investigation of a traffic
violation, if an officer develops a reasonable suspicion that another violation
has occurred, the scope of the initial investigation expands to include the new
offense.@ Goudeau, 209 S.W.3d at 719. 

Additionally, a police officer may
pull over a driver under the community caretaking doctrine if a reasonable
person would have believed the individual was in need of assistance.  See
Wright v. State, 7 S.W.3d 148, 151-52 (Tex. Crim. App. 1999) (adopting the
community caretaking doctrine set forth in Cady v. Dombrowki, 413 U.S.
433 (1973), including the relevant factors in determining if an officer acted
reasonably).

Analysis








Appellant argues that Officer Thomas
lacked an objectively reasonable and articulable reason for pulling appellant
over on the night of February 25, 2006.  Appellant argues that neither the
community caretaking doctrine nor the referenced statutory provisions provided
an objectively reasonable reason for the initial stop.  Appellant argues there
was no reasonable suspicion that he was obstructing a roadway (section 42.03)
or illegally parking or stopping in a prohibited place (section 545.302).  See
Tex. Penal Code ' 42.03 (Vernon 2003); Tex. Transp. Code ' 545.302 (Vernon Supp. 2007). 

We need not address the community
caretaking doctrine or section 545.302 because the trial court correctly
concluded that Officer Thomas was justified in pulling appellant over pursuant
to section 42.03 of the Texas Penal Code.  See Cedano v. State, 24
S.W.3d 406, 410 (Tex. App.CHouston [1st Dist.] 2000, no pet.) (Aappellate courts can uphold the trial
court=s ruling on the defendant=s motion to suppress on a ground not
articulated by the arresting officer in his testimony@) (citing Williams v. State,
726 S.W.2d 99, 101 (Tex. Crim. App. 1986)); see also Garcia v. State, 43
S.W.3d 527, 530 (Tex. Crim. App. 2001) (only one objectively reasonable reason
is required to justify a stop).

Section 42.03 states in pertinent
part: 

(a) A person commits an offense if, without legal
privilege or authority, he intentionally, knowingly, or recklessly: 

 

(1) obstructs a highway, street,
sidewalk, railway, waterway, elevator, aisle, hallway, entrance, or exit to
which the public or a substantial group of the public has access, or any other
place used for the passage of persons, vehicles, or conveyances, regardless of
the means of creating the obstruction and whether the obstruction arises from
his acts alone or from his acts and the acts of others;              

 

(b) For purposes of this section, Aobstruct@ means to render impassable or
to render passage unreasonably inconvenient or hazardous.

 








Tex. Penal Code '42.03(a),(b) (emphasis added). 
Pursuant to this statute, a violation can occur when passage is rendered Aunreasonably . . . hazardous.@ See Cashin v. State, Nos.
14-03-01140-CR, 14-03-1141-CR, 2005 WL 975663, at *2 (Tex. App.CHouston [14th Dist.], April 28, 2005,
no pet.) (officer=s testimony that a car, stopped for fifteen seconds in
moderate traffic and impeding the free progress of other cars, was sufficient
to warrant a traffic stop); Lauderback v. State, 789 S.W.2d 343, 346-47
(Tex. App.CFort Worth 1990,  pet. ref=d) (blocking one lane on a busy day
is sufficient to constitute rendering passage unreasonably inconvenient or
hazardous). 

The record here establishes that
appellant rendered passage on the access road Aunreasonably . . . hazardous.@  Appellant was stopped at night on a
feeder road along a busy interstate highway. The trial court admitted a video
recording of the stop, in which Officer Thomas told appellant that one of the
reasons for stopping appellant was his concern for appellant=s safety.  It is apparent from the
recording that many vehicles utilize this interstate highway even late at
night.  Officer Thomas reasonably interpreted appellant=s stopping of his truck for at least
eight seconds on the traveled portion of the feeder road as a significant
hazard given that drivers using the feeder road would not expect to encounter a
stopped car in the middle of the feeder road at night.  Officer Thomas told
appellant, AI saw you were stopped there in the road.  You had me concerned.  I didn=t want to see you ran over.@  The trial court concluded that
stopping in the middle of the traveled portion of a feeder road was Aunreasonably . . .  hazardous,@ noting: AOfficer Thomas would be derelict in
his duty to protect citizen drivers and the motoring public if he didn=t stop and at least investigate the
reasons for a vehicle stopped in the traveled portion of the feeder road along
a heavily traveled Interstate Highway.@  The trial court noted this was
reasonable, observing: AOfficer Thomas did what any other officer would have done . .
. .@

Because there was ample evidence
before the trial judge establishing that appellant was creating an Aunreasonably . . .  hazardous@ condition by stopping in an active
traffic lane of the feeder road of a busy interstate highway at 3 a.m., the
trial court acted within its discretion in denying appellant=s motion to suppress based upon the
initial stop.








Accordingly, the trial court=s judgment is affirmed.

 

 

/s/        William J. Boyce

Justice

 

Judgment rendered and Memorandum
Opinion filed May 22, 2008.

Panel consists of Chief Justice
Hedges, and Justices Brown and Boyce.

Do not publish B Tex R. App. P. 47.2(b).