

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00281-CR

**CRAIG ALAN ZMOLIK,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 40th District Court
### Ellis County, Texas
### Trial Court No. 33636CR

## MEMORANDUM  OPINION

Craig Zmolik appeals from a conviction for the offense of possession of a controlled substance more than four grams but less than 200 grams.  TEX. HEALTH & SAFETY CODE ANN. § 481.115 (Vernon 2003).  After a jury trial, and based on a finding of true to the enhancement paragraph, Zmolik was sentenced to confinement for eighteen (18) years in the Texas Department of Criminal Justice – Institutional Division.  Zmolik complains that the trial court erred in denying his motion to suppress a search, in denying his motion for mistrial, and in the admission of evidence.  Because we find that the initial search did not violate the Fourth Amendment, that the complaint regarding

the mistrial was not properly preserved, and that the objection to the admission of evidence was waived, we affirm the judgment.

### *Motion to Suppress Evidence*

Zmolik filed a motion to suppress the evidence that was seized from the apartment where he was located and arrested. He complains that the search was actually conducted prior to the issuance of a search warrant without justification and therefore was an unlawful search and seizure.

### *Standard of Review*

"In reviewing a trial court's ruling on a motion to suppress, an appellate court must view the evidence in the light most favorable to the trial court's ruling." *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). We review a trial court's ruling on a motion to suppress under a bifurcated standard. *See Wiede v. State*, 214 S.W.3d 17, 25 (Tex. Crim. App. 2007). We review *de novo* the legal determinations of detention, reasonable suspicion, and probable cause under the Fourth Amendment while granting great deference to a trial court's factual findings. *State v. Sheppard*, 271 S.W.3d 281, 286-87 (Tex. Crim. App. 2008). The trial court's evidentiary ruling "will be upheld on appeal if it is correct on any theory of law that finds support in the record." *Gonzalez v. State*, 195 S.W.3d 114, 126 (Tex. Crim. App. 2006).

### *The Facts*

At approximately 8:15 a.m., police arrived at an apartment where they arrested Zmolik pursuant to an arrest warrant for an armed robbery. The police conducted a sweep of the residence and observed items that appeared to be stolen in plain view in a

back bedroom. One officer left the residence and went to get a search warrant, which was signed at 11:00 a.m. Another officer remained inside the apartment with the primary occupant of the apartment, Zmolik's girlfriend. According to the officers and Zmolik's girlfriend, no further search was conducted of the apartment until the officer returned with the search warrant. At that time, the officers seized many items of property, including two safes. They also discovered a crack pipe in the back bedroom.

Zmolik later opened the safes at the police department and a plastic bag filled with methamphetamine was located inside one of them. He filed a motion to suppress the methamphetamine based on an unlawful search and seizure.

### Burden of Proof

As the movant in a pretrial motion to suppress based on the Fourth Amendment, Zmolik initially had the burden of producing evidence that defeats the presumption of proper police conduct. *Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009); *Russell v. State*, 717 S.W.2d 7, 9 (Tex. Crim. App. 1986). This burden is met by establishing that a search or seizure occurred without a warrant. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005); *Bishop v. State*, 85 S.W.3d 819, 822 (Tex. Crim. App. 2002); *Russell*, 717 S.W.2d at 9. At this point, the burden shifts to the State to prove that the search or seizure was reasonable without a warrant under the totality of the circumstances. *Russell*, 717 S.W.2d at 9.

The State contends that the only search that took place was after the search warrant was procured. However, the first search was the sweep that took place when Zmolik was arrested. See *Maryland v. Buie*, 494 U.S. 325, 336, 110 S. Ct. 1093, 108 L. Ed.

2d 276 (1990). It is undisputed that there was no warrant for that search. Thus, the burden shifted to the State to establish that the first search was reasonable.

*Unlawful Search*

The Fourth Amendment to the United States Constitution only protects against unreasonable searches and seizures and is measured in terms of a balance between the individual's privacy interest and the promotion of a legitimate governmental interest. *Maryland v. Buie*, 494 U.S. 325, 328, 331, 110 S. Ct. 1093, 108 L. Ed. 2d 276 (1990).

Incident to an arrest, officers may, as a precautionary measure "and without probable cause or reasonable suspicion, look in closets and other spaces immediately adjoining the place of arrest from which an attack could be immediately launched." *Buie*, 494 U.S. at 334. Zmolik testified at the hearing that from where he was sitting on the floor of the apartment after he had been arrested he could see the police officers down the hallway in the bedroom where the safes were located. As such, it would be a reasonable inference to find that the back bedroom was adjacent to the area where Zmolik was arrested and was an area from which an attack could be immediately launched. *See Buie*, 494 U.S. at 334. Therefore, the trial court did not err by determining that the officers' actions by entering the bedroom were reasonable and by denying Zmolik's motion to suppress. We overrule issue one.

*Mistrial*

Zmolik complains that the trial court erred by not granting a mistrial after sustaining an objection in part regarding testimony as to the arrest warrant being issued for the charge of aggravated robbery. Upon the State's question as to why the officer

was going to arrest Zmolik at the apartment, the officer answered: "For aggravated robbery. Detective Hopson obtained a warrant for his arrest." Another question regarding the warrant being lawful was asked and answered prior to the objection being lodged by Zmolik. The State contends that the objection was not made timely and was therefore waived. We agree.

A timely objection must be made in order to preserve an error in the admission of evidence. *Dinkins v. State*, 894 S.W.2d 330, 355 (Tex. Crim. App. 1995). The objection should be made as soon as the ground for objection becomes apparent. *Id*. If a question clearly calls for an objectionable response, the objection should be made before the witness responds to the question. *Id*. If the objection is not made until after the objectionable question has been asked and answered, and no legitimate reason can be shown to justify the delay, the objection is untimely; error is waived. *Id*.

The question asked by the State was clearly seeking a response as to the reason why Zmolik was to be arrested, and that response would have a high potential for the witness to give an objectionable response. The objection should have been lodged even before the officer's answer. However, Zmolik did not lodge his objection until after the objectionable response and a subsequent question had been asked and answered. This is not a timely objection. Any complaint regarding the admission of this evidence is therefore, waived, and the trial court did not err in denying Zmolik's request for mistrial. *See* TEX. R. APP. P. 33.1. We overrule Zmolik's issue two.

*Erroneous Admission of Evidence*

Zmolik complains that the trial court erred in admitting three exhibits into evidence based on an improper foundation and lack of chain of custody. However, he offers no authorities or any argument in support of this contention. Therefore, this issue is waived. *See* TEX. R. APP. P. 38.1(h). We overrule issue three.

*Conclusion*

We find that the trial court did not err in denying Zmolik's motion to suppress evidence. We find that any errors surrounding the denial of a mistrial or the admission of evidence were waived. We affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Affirmed
Opinion delivered and filed March 10, 2010
Do not publish
[CR25]