**Lashawn Edward MEANE, Appellant**

v.

**The STATE of Texas, Appellee**

**NO. 01-16-00291-CR**

Court of Appeals of Texas,
Houston (1st Dist.).

Opinion issued June 29, 2017

NEAL DAVIS, III, 440 Louisiana Street, Suite 200, Houston, Texas 77002, for Appellant.

Kim Ogg, District Attorney–Harris County, 1201 Franklin, Suite 600, Houston, TX 77002, Patricia McLean, Assistant District Attorney, Harris County, Texas, 1201 Franklin, Suite 600, Houston, TX 77002, for Appellee.

Panel consists of Chief Justice Radack and Justices Keyes and Massengale.

## OPINION

Sherry Radack, Chief Justice

After Lawshawn Edward Meane's pretrial motion to suppress evidence was denied, he pleaded guilty to possession of between one and four grams of a controlled substance, and the trial court, pursuant to a plea agreement with the State, assessed his punishment at five years' confinement. In his sole issue on appeal, appellant contends that the trial court erred in denying his motion to suppress evidence because the warrantless search of his person was not justified by an exception to the warrant requirement. We reverse and remand.

## BACKGROUND

Officers Baker and Medina of the Houston Police Department saw a gold Chevrolet Tahoe run a red light at an intersection, so they conducted a traffic stop. Officer Flora arrived as the stop was occurring and assisted.

Because of the dark windows on the Tahoe, Baker asked the occupants of the car to roll down the windows. As the officers approached the car, they smelled the odor of marihuana emanating from it.

The officers immediately removed the occupants of the vehicle—appellant was seated in the front, right passenger seat—handcuffed them, and seated them on the curb. Two officers then searched the car, while the third officer watched over the handcuffed occupants.

The officers recovered no marihuana or any other contraband from the car. The officers then turned to the handcuffed occupants of the car and searched them. Officer Flora found a small bag of marihuana and some pills in appellant's front, left pocket. The pills field-tested positive for heroin, and appellant was then arrested for possession of a controlled substance.

## DENIAL OF MOTION TO SUPPRESS

In his sole issue on appeal, appellant contends that the trial court erred in denying his motion to suppress the evidence removed from his pocket because the State failed to prove that the warrantless search "was justified by an exception to the warrant requirement." The State responds that (1) appellant waived his right to complain about the lack of an exception to the warrant requirement, and, even if preserved, (2) there was probable cause and exigent circumstances to support the warrantless search.

### Standard of Review and Applicable Principles of Law

Appellate courts review the trial court's denial of a motion to suppress under a bifurcated standard of review; we afford almost total deference to the trial court's determination of historical facts, but we review de novo the trial court's application of search and seizure law to those facts. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010).

The trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Id.* If, as here, the trial court makes express findings of fact, we view the evidence in the light most favorable to the

ruling and determine whether the evidence support the fact findings. *Id.* We sustain the trial court's ruling if it is supported by the record and is correct on any theory of law applicable to the case. *Id.* at 447–48.

Both the United States and Texas Constitutions protect against unreasonable searches. U.S. CONST. amend. IV; TEX. CONST. art. I, § 9. Warrantless searches are presumed to be unreasonable unless they are subject to a recognized exception to the warrant requirement. *Missouri v. McNeely*, 569 U.S. 141, 133 S.Ct. 1552, 1558, 185 L.Ed.2d 696 (2013). Those recognized exceptions include (1) voluntary consent to search, (2) a search under exigent circumstances, (3) the automobile exception, and (4) a search incident to arrest. *State v. Villarreal*, 475 S.W.3d 784 (Tex. Crim. App. 2015).

The parties agree that the only warrant exception relevant in this case is a search under exigent circumstances. A warrantless search under exigent circumstances is reasonable only if the officer has both (1) probable cause, and (2) an exigency that requires an immediate search. *Gutierrez v. State*, 221 S.W.3d 680, 685 (Tex. Crim. App. 2007). There are three categories of exigent circumstances that may, coupled with probable cause, justify a warrantless search. *Id.* Those categories of exigent circumstances include: (1) providing aid or assistance to persons believed to be in need of assistance, (2) protecting police officers from persons believed to be armed and dangerous, and (3) preventing the destruction of evidence. *Id.* Again, the parties agree that only the third category of exigent circumstances is present here, i.e., preventing the destruction of evidence.

In a warrantless search, it is the State's burden to show both probable cause and an exception to the warrant requirement. *Bishop v. State*, 85 S.W.3d 819, 821 (Tex. Crim. App. 2002). Thus, in this case, the burden was on the State to show both probable cause and exigency such that an immediate search was required to prevent the destruction of evidence.

### Error Preservation

The State argues that this Court need not address whether the State proved an exception to the warrant requirement because appellant did not make clear to the trial court that he was objecting to *both* elements required to show a warrantless search: probable cause *and* an exception to the warrant requirement. *Id.* Specifically, the State claims that "[a]ppellant failed to disabuse the trial court and the State of the understanding that his sole search-related complaint was whether probable cause justified the search of appellant's person."

In *Horton v. State*, No. 01-14-00993-CR, 2016 WL 1644486, at *1 (Tex. App.—Houston [1st Dist.] Apr. 26, 2016, pet. ref'd) (mem. op., not designated for publication), *cert. denied*, —— U.S.——, 137 S.Ct. 1378, 197 L.Ed.2d 558 (2017), a police officer saw the defendant merge onto a freeway without signaling, so he initiated a traffic stop. As the officer approached the car, he smelled PCP emanating from the driver's side window, and he asked the defendant to exit the car. *Id.* The officers searched the car, but found no illicit drugs. *Id.* The officer then determined that he had probable cause to search the defendant's person, and found PCP in appellant's sock. *Id.* At trial, the defendant argued that there was no probable cause to search, but, on appeal also argued for the first time that there was no applicable exception to the warrant requirement. *Id.* at *1, *4. This Court acknowledged that "the State did not elicit any testimony regarding exigency[,]" but found the issue waived because "trial coun-

sel entirely failed to raise the issue of whether there was a valid exception to the warrant requirement when arguing the motion to suppress." *Id.* at *4.

■ In contrast, here, appellant *did* raise the exigency issue as an exception to the warrant requirement in this case. Appellant's written motion to suppress not only alleged that there was no probable cause, but also contended that appellant's seizure "was conducted without a warrant and without the attendant exigent circumstances to justify a warrantless search and seizure," and that the search of his person "was conducted without a warrant, consent, or exigent circumstances."

And, at the conclusion of the suppression hearing, appellant argued as follows:

> Judge, the evidence in this case should be suppressed for two separate reasons. The first reason is the lack of credibility of Officer Medina's statement and Officer Flora; that is, a strong odor of marijuana was emitting from that vehicle which justified the stop.

Defense counsel then went on to argue that because the officers' testimony was not credible, it should not support a finding of probable cause. Defense counsel then argued further:

> The second reason that the evidence should be suppressed in this case is that the search of Mr. Meane's person does not fall under a recognized exception under these facts to the warrant requirement.

> ·As this Count knows, a warrantless search is presumed unreasonable unless the State can prove two things: one, probable cause to believe that he has committed a crime or possesses contraband; and two, that there's a recognized exception to the warrant requirement under the facts of this case.

Now, the State has given us case law. And every piece of that case law goes to that first component, probable cause. The strong odor of marijuana gives you probable cause to search the car and the occupants. But what it doesn't address is what recognized exception applies to Mr. Mean.

In 2015, the State—*Horton v. State*, 2015 Westlaw 9311284, the facts in that case are absolutely identical to this. This individual pulled over on traffic. Strong odor of PCP coming from the car. Asked to exit the vehicle. They perform a probable cause search on that occupant.

It was challenged on the argument I'm making on recognized exception not applying in that case. And the State argued that imminent destruction of evidence was a recognized exception that gets them there. I anticipate they will continue to argue that that is a recognized exception that justifies the search. [Trial Court]: What did the Court say in that case?

[Defense Counsel]: The Court did not rule on it because it was not preserved correctly at the trial court level, Judge. But if we look at Turrubiate, T-u-r-r-u-b-i-a-t-e v. State, 399 S.W.3d 147, it's a Court of Criminal Appeals case in 2013. They lay out the law. And what has to be proven for imminent destruction of evidence to apply under the facts of the case. The overarching law is the officer must reasonably believe destruction of evidence is imminent.

They go on to say that mere possession or suspicion that evidence could be destroyed is not enough. They need objective facts indicating that Mr. Meane was either in the process of destroying evidence or preparing to destroy evidence. There's nothing on this record in this hearing that can allow the Court to rule that they have proven imminent destruc-

tion as a recognized exception under these facts.

It is simply incorrect for the State to argue, as it does on appeal, that appellant has failed to preserve error because he did not "sufficiently [make] the trial court or the State aware that the suppression-hearing issue had not been narrowed to whether probable cause justified appellant's search[.]" Defense counsel made it abundantly clear that he was objecting to the State's failure to show *both* probable cause *and* an exception to the warrant requirement. Indeed, defense counsel even cited a leading Court of Criminal Appeals case on the issue of exigent circumstances created by the imminent destruction of evidence, *Turrubiate v. State*, 399 S.W.3d 147, 151–55 (Tex. Crim. App. 2013). As such, we cannot agree that appellant has waived the issue of an exception to the warrant requirement, and we address his complaint on the merits.

### Exception to the Warrant Requirement—Exigency Caused by Imminent Destruction of Evidence

Appellant contends that the warrantless search of his person was not justified by an exception to the warrant requirement.[1] Specifically, appellant contends that the State adduced no evidence that the police officers reasonably believed that the removal or destruction of evidence was imminent.

■ For the State to meet its burden to show an imminent destruction of evidence, it must show that police officers reasonably believed that the removal or destruction of evidence was imminent. *Turrubiate*, 399 S.W.3d at 153. *Turrubiate* involves the warrantless search of a home, but its discussion of the imminent destruction of evidence is instructive. In that case, a police officer knocked on Turrubiate's door, and when Turrubiate answered, the officer smelled marihuana. *Id.* at 149. Believing that there was marihuana in the home and that he needed to prevent the marihuana from being destroyed, an officer forcibly entered the home, handcuffed Turrubiate, and asked him if there was marihuana in the home. *Id.* Turrubiate indicated that it was in a nearby backpack, which officers then searched. *Id.* at 150.

The State argued that "the existence of probable cause combined with the deputy making his presence known to the occupants and the strong odor of marijuana emanating from the home justified the deputy's inference that the destruction of evidence was imminent so as to permit the warrantless entry." The Court of Criminal Appeals disagreed, holding that the odor of marihuana and appellant's knowledge that police were present was not sufficient evidence of exigent circumstances caused by the imminent destruction of evidence *Id.* at 155. What was missing, the court noted, "was the additional evidence … of attempted or actual destruction based on an occupant's movement in response to the police knock." *Id.* "We require some evidence of exigency beyond mere knowledge of police presence and an odor of illegal narcotics." *Id.* Because Turrubiate did not engage in any conduct suggesting that he intended to destroy evidence, such as furtive movements after seeing the officer, the Court of Criminal Appeals held that the record did not support the warrantless search of his home. *Id.*

■ Similarly, in this case the State failed to produce any evidence that the destruction of evidence was imminent. Ap-

---

1. Appellant does not contest probable cause. Appellant argues only that probable cause must exist, along with an exception to the warrant requirement, and that no such exception was proved by the State.

pellant and the other occupants of the car were placed in handcuffs and seated on the curb. One officer watched them, while two others searched the car. There was no evidence that appellant or any of the other occupants of the car made any furtive gestures indicating an attempt to hide or dispose of evidence once they saw the police officers. As in *Turrubiate*, there is nothing more than an odor of marihuana and the presence of police. There is simply no evidence to support a finding that the officers reasonably believed that they could not obtain a warrant because of the imminent destruction of evidence. As such, the State failed to meet its burden to prove an applicable exception to the warrant requirement.

Accordingly, we sustain appellant's sole issue on appeal.

### CONCLUSION

We reverse the trial court's judgment and remand the case for further proceedings.