

Fourth Court of Appeals
San Antonio, Texas

# MEMORANDUM OPINION

No. 04-17-00740-CR

The **STATE** of Texas,
Appellant

v.

Dyandra Christine **YSASSI**,
Appellee

From the County Court at Law No. 5, Bexar County, Texas
Trial Court No. 485307
Honorable John Longoria, Judge Presiding

Opinion by: Patricia O. Alvarez, Justice

Sitting: Sandee Bryan Marion, Chief Justice
Marialyn Barnard, Justice
Patricia O. Alvarez, Justice

Delivered and Filed: December 19, 2018

REVERSED AND REMANDED

This appeal arises from the trial court's order granting Appellee Dyandra Christine Ysassi's motion to suppress evidence. On appeal, the State contends the trial court failed to: (1) objectively apply the standard of reasonable suspicion, and (2) view the evidence, supporting reasonable suspicion to initiate the traffic stop, under the totality of the circumstances. Because we conclude the State met its burden to show the officer's observations of Ysassi's driving behavior constituted a traffic violation, the officer possessed reasonable suspicion to stop Ysassi regardless of his subjective intent; the trial court therefore erred in granting Ysassi's motion to suppress.

Accordingly, we reverse the trial court's order, and remand this matter to the trial court for further proceedings consistent with this opinion.

## PROCEDURAL AND FACTUAL BACKGROUND

On the morning of March 10, 2015, Sergeant Marcus Williams was patrolling the Medical Center area, in San Antonio, Bexar County, Texas, when he observed a Kia Optima braking repeatedly, change lanes without signaling a blinker, and swerve towards the center median. Sergeant Williams initiated a traffic stop for unusual driving behavior; Ysassi was identified as the driver of the vehicle. Based on his observations and training, Sergeant Williams suspected the driver was impaired and began investigating his suspicion that Ysassi was driving while intoxicated. After Sergeant Williams administered a field sobriety test, Ysassi was arrested and charged with the offense of driving while intoxicated.

Contending Sergeant Williams did not have reasonable suspicion to initiate the traffic stop, Ysassi filed a motion to suppress any and all evidence resulting from the stop. During the hearing, Sergeant Williams testified that he witnessed Ysassi repeatedly brake without an apparent cause. He further explained that his DWI training taught that repeated braking is potentially a sign of operator impairment.

The State presented two videotaped recordings during the motion to suppress: one from the dashcam of the patrol vehicle and the other from the officer's bodycam. The videotaped recording from Sergeant Williams' patrol vehicle depicted Ysassi's vehicle brake several times and change from the center lane to the left lane without using her blinker to signal. The videotaped recording showed Sergeant Williams pull Ysassi's vehicle over into a Jack in the Box parking lot. The second videotaped recording, Sergeant Williams's body camera footage, provided evidence of Ysassi's behavior after the officer stopped her vehicle and their conversations during the initial detention.

At the conclusion of the suppression hearing, the trial court granted Ysassi's motion to suppress. Thereafter, the trial court issued written findings of fact and conclusions of law in support of its ruling.

*I. Findings of Fact*

. . . .

3. Officer Williams was credible.

. . . .

5. Officer Williams observed the Defendant apply her brakes.

. . . .

8. Defendant made a lateral movement into an adjacent lane without a signal.

. . . .

14. There were no other cars in the lane.
15. There were no cars that were near the Defendant as she made the movement.

. . . .

20. Officer Williams believe[d] the Defendant was, had been or soon would be engaged in criminal conduct.

*II. Conclusions of Law*

. . . .

2. The Court finds that Officer Williams lacked reasonable suspicion to seize and or detain the Defendant on March 10, 2015.

. . . .

4. . . . Further, the trial court is free to believe or disbelieve any or all parts of the witness's testimony and the Court accepted Officer Williams belief that no criminal activity had, was or was about to be committed.

## REASONABLE SUSPICION

The State contends Sergeant Williams had reasonable suspicion to stop Ysassi based on an objective view of the totality of the circumstances, and the trial court thus erred in granting Ysassi's motion to suppress.

**A. Standard of Review**

In a motion to suppress evidence based on a Fourth Amendment violation, "the defendant bears the initial burden of producing evidence that rebuts the presumption of proper police conduct. A defendant satisfies this burden by establishing that a search or seizure occurred without a warrant." *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005) (internal citations omitted); *accord State v. Hneidy*, 510 S.W.3d 458, 462 (Tex. App.—San Antonio 2013, pet. ref'd). The State stipulated Ysassi's arrest was made without a warrant. "Once the defendant has made this showing, the burden of proof shifts to the State where it is required to establish that the search or seizure was conducted pursuant to a warrant or was reasonable." *Ford*, 158 S.W.3d at 492 (citing *Bishop v. State*, 85 S.W.3d 819, 822 (Tex. Crim. App. 2002)); *accord Hneidy*, 510 S.W.3d at 462. Therefore, we must determine whether the State established that Sergeant Williams's traffic stop of Ysassi was reasonable.

Reasonable suspicion is determined under the totality of the circumstances. *Ford*, 158 S.W.2d at 493; *Hneidy*, 510 S.W.3d at 463. An appellate court utilizes a bifurcated standard of review affording "almost total deference to the trial court's determination of historical facts and review de novo the trial court's application of law to facts not turning on credibility and demeanor." *Ford*, 158 S.W.3d at 493 (citing *Guzman v. State*, 955 S.W.2d 85, 88–89 (Tex. Crim. App. 1997)); *Hneidy*, 510 S.W.3d at 463. "Whether there was reasonable suspicion to detain [Ysassi] is not a function of [Sergeant Williams's] demeanor or credibility, but of the legal significance of the essentially uncontested facts. The ultimate question of whether [Sergeant Williams] was indeed 'justified in stopping' [Ysassi's vehicle], we review *de novo*." *Leming v. State*, 493 S.W.3d 552, 562 (Tex. Crim. App. 2016) (quoting *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007)).

**B. Reasonableness**

The Fourth Amendment protects against unreasonable searches without a warrant. U.S. CONST. amend. IV. "Necessarily swift police action predicated upon the on-the-spot observations of the officer on the beat . . . historically has not been, and as a practical matter could not be, subjected to the warrant procedure," instead the officer's conduct "must be tested by the Fourth Amendment's general proscription against unreasonable searches and seizures." *Terry v. Ohio*, 392 U.S. 1868, 1879 (1968); *see also Ramirez-Tamayo v. State*, 537 S.W.3d 29, 36–37 (Tex. Crim. App. 2017). "There is no ready test for determining reasonableness other than by balancing the need to search against the invasion which the search entails." *Terry*, 392 U.S. at 1879.

In justifying the reasonableness of Sergeant Williams's conduct, he "must have specific, articulable facts that, when combined with rational inferences therefrom, lead him to reasonably conclude that a particular person actually is, has been, or soon will be, engaged in criminal activity." *Arguellez v. State*, 409 S.W.3d 657, 663 (Tex. Crim. App. 2013) (citing *Castro v. State*, 227 S.W.3d 737, 741 (Tex. Crim. App. 2007)); *see also Ford*, 158 S.W.3d at 492. The court assesses the reasonableness of police conduct under "an objective standard that disregards any subjective motive or intent of the officer and 'looks solely to whether an objective basis for the stop exists' based on the totality of the circumstances." *Ford*, 158 S.W.3d at 492 (quoting *Terry*, 392 U.S. at 1880); *accord Arguellez*, 409 S.W.3d at 663 ("This standard is objective, thus there need be only an objective basis for the stop; the subjective intent of the officer is irrelevant.").

**C. Analysis**

In its brief, the State contends Sergeant Williams had reasonable suspicion, under the totality of the circumstances, to stop Ysassi because she (1) failed to signal before changing lanes and (2) repeatedly braked in an unusual manner.

*1. Failing to Signal Before Changing Lanes*

In its findings of fact, the trial court found that Sergeant Williams observed Ysassi commit a traffic violation by switching from the center lane, without using a turn signal. *See* Trial Court's Finding of Fact #8 ("Defendant made a lateral movement into an adjacent lane without a signal."). Sergeant Williams testified that although he believed Ysassi "committed an act in violation of the Texas Transportation Code," he did not initiate a stop immediately. Instead, for the next thirty seconds, Sergeant Williams continued to follow the vehicle. As Ysassi approached the intersection of Babcock and Melton Minter, she continued to brake on and off through a green light. Sergeant Williams decided to stop the vehicle at that point, based on the erratic behavior.

Sergeant Williams testified that although he did not stop her at the time, he was aware that failing to signal a blinker before changing lanes was a violation of the Texas Transportation Code. TEX. TRANSP. CODE ANN. § 545.104(a) (an "operator shall use the signal authorized by Section 545.106 to indicate an intention to turn, change lanes, or start from a parked position"). "The decision to stop an automobile is reasonable where an officer has probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 116 U.S. 1769, 1772 (1996); *Ford*, 158 S.W.3d at 492.

As the Court of Criminal Appeals explained in *Walter v. State*, "a police officer's subjective motive will never invalidate objectively justifiable behavior under the Fourth Amendment. Subjective intentions play no role in an ordinary, probable-cause Fourth Amendment analysis." 28 S.W.3d 538, 542 (Tex. Crim. App. 2000) (citing *Whren*, 116 U.S. at 1772); *accord Jordan v. State*, 394 S.W.3d 58, 65 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd). "[T]he fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action." *Whren*, 116 U.S. at 1774 (quoting *Scott v.*

*United States*, 436 U.S. 128, 138). Because Sergeant Williams's observations of Ysassi's driving behavior constituted a traffic violation, he had reasonable suspicion to stop Ysassi regardless of his subjective intent. *Id.* We therefore conclude the trial court erred in holding otherwise.

We next turn to the trial court's conclusions pertaining to Ysassi's unusual braking activity.

*2. Repeated Braking*

The trial court also found Ysassi's unusual braking was not a violation of the Texas Transportation Code and thus could not be considered reasonable suspicion supporting a traffic stop. The State contends the trial court erroneously analyzed the erratic braking in isolation. Reasonable suspicion is properly determined by an objective view based on the totality of the circumstances. *See Terry*, 392 U.S. at 1880; *see also Leming*, 493 S.W.3d at 563; *Ford*, 158 S.W.3d at 492; *Hneidy*, 510 S.W.3d at 463.

Sergeant Williams testified there were no cars in front of Ysassi and that he did not observe any obstruction requiring Ysassi to apply her brakes. *Gonzalez v. State*, No. 05-09-01296-CR, 2011 WL 5119440, at *2 (Tex. App.—Dallas Oct. 28, 2011, pet. ref'd) (mem. op., not designated for publication) (emphasizing that the officer saw no obstruction in the roadway to account for the drifting of appellant's vehicle). Sergeant Williams specifically testified that repeated braking, without an apparent cause could be an indication of an impaired driver. *Navarette v. California*, 134 U.S. 1683, 1690–91 (2014) (concluding dangerous behaviors such as weaving and crossing over lines justifies a traffic stop on suspicion of drunk driving); *see also State v. Mendoza*, 365 S.W.3d 666, 671 (Tex. Crim. App. 2012).

An improper lane change and unusual braking are specific articulable facts to which Sergeant Williams testified he observed and the trial court found Sergeant Williams's testimony credible. *Contra Mendoza*, 365 S.W.3d at 668–69 (remanding because trial court's factual findings were ambiguous and did not contain any reliability determinations); *Smith v. State*, No.

07-12-00053-CR, 2013 WL 6255547, at *1 (Tex. App. Amarillo Nov. 25, 2013, pet. ref'd) (mem. op. not designated for publication). The trial court also made explicit findings that Sergeant Williams was credible, and that Ysassi applied her brakes and changed lanes without signaling. We must therefore determine "whether the trial court properly applied the law to the facts." *State v. Gray*, 158 S.W.3d 465, 467, 469 (Tex. Crim. App. 2005); *Guzman*, 955 S.W.2d at 86–87, 89.

Based on a review of the record, we conclude Sergeant Williams provided specific, articulable facts—the combination of Ysassi's improper lane change and repeated braking—that when combined with his experience and training, amounted to reasonable suspicion that Ysassi was engaged in criminal activity. *Mendoza*, 365 S.W.3d at 671. Therefore, because Sergeant Williams's subjective intentions, to stop Ysassi for unusual braking, could not invalidate his objectively justifiable behavior in initiating the stop under the Fourth Amendment, failure to signal lane change, we conclude the trial court failed to properly apply the law to the facts, and the trial court erred in granting Ysassi's motion to suppress. *See Leming*, 493 S.W.3d at 562.

**CONCLUSION**

Because we conclude the State met its burden to show that Sergeant Williams's observations of Ysassi's driving behavior constituted a traffic violation, the officer possessed reasonable suspicion to stop Ysassi regardless of his subjective intent; the trial court therefore erred in granting Ysassi's motion to suppress. Accordingly, we reverse the trial court's order and remand this matter to the trial court for further proceedings consistent with this opinion.

Patricia O. Alvarez, Justice

DO NOT PUBLISH