

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0066-13

**JOSEPH DELAFUENTE, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE FOURTEENTH COURT OF APPEALS WALLER COUNTY

**ALCALA, J., filed a dissenting opinion.**

### DISSENTING OPINION

This case requires this Court to once again decide what to do when the losing party on a motion to suppress has requested explicit findings of fact and conclusions of law, but the findings made by the trial court are wholly inadequate. The majority opinion decides that a remand for supplemental findings is unnecessary, but I disagree. I conclude that the trial court, in essence, made only one fact finding and that it is an inadequate basis upon which

to determine whether the officer had reasonable suspicion to detain the sedan occupied by Joseph Delafuente, appellant. I would sustain the second ground presented in the State's petition for discretionary review and reverse and remand the case to the court of appeals with instructions to abate to the trial court for additional findings. I, therefore, respectfully dissent.

## I. Existing Findings of Fact are Inadequate

To call this record sparse would be a gross understatement. No witness testified at the motion to suppress hearing. The entire record consists of a two-page offense report that was admitted into evidence without objection. The offense report describes these facts:

1. The officer was on patrol on June 24, 2009, at 9:12 a.m., on Interstate 10;

2. The officer observed "a traffic congestion" in the inside westbound lane near the Igloo Road Overpass;

3. Traffic volume was "moderate";

4. The officer "inspected further" and observed a sedan moving at 52 miles per hour in a zone with a 65 mile-per-hour maximum speed limit;

5. The sedan was "Impeding Traffic";

6. To effect a traffic stop, the officer was "required [to] utiliz[e] the rear emergency lights on the patrol vehicle to allow a safe lane change of [the] patrol vehicle, from the center to the inside lane"; and

7. The sedan immediately yielded to the inside shoulder.

In light of the sparse evidentiary record, it is no surprise that the trial court's findings of fact and conclusions of law are also minimal. The trial court made only one conclusion

of law: "The officer had probable cause for the stop because the defendant was driving slow and impeding traffic." On its face, this conclusion is erroneous because the defendant was not even driving the vehicle at the time of the stop; rather, he was in the passenger seat.

Aside from the single conclusion of law to which this Court owes no deference,[1] the trial court made two findings of fact that essentially amount to a single finding of fact. In what is characterized as its first fact finding, the trial court determined that "[t]he attorney agreed on [the] record that the offense report be admitted as evidence. Both [the] State and Defense waived their right to present oral testimony or cross-examine the officer." This statement does not describe the events that took place on the morning of the stop, but instead is a description of what happened at the motion-to-suppress hearing and the means by which the offense report became the sole evidence in the record. After examining the content of this first finding, it is clear that it is immaterial to the matters at issue in this appeal concerning the validity of the traffic stop.

In its second finding of fact, the trial court determined that appellant's vehicle was impeding traffic. This finding states, "In the offense report the officer states that defendant was impeding traffic. Since there was no controverting [sic] testimony presented and no cross-examination, the Court accepted that statement as fact. Therefore[,] the Court finds

---

[1] *See State v. Mazuca*, 375 S.W.3d 294, 307 n. 68 (Tex. Crim. App. 2012) (stating that legal conclusions are "'subject to *de novo* review, not deference'") (quoting *State v. Sheppard*, 271 S.W.3d 281, 291 (Tex. Crim. App. 2008)); *Wilson v. State*, 311 S.W.3d 452, 458 (Tex. Crim. App. 2010) ("Although we give almost total deference to the trial court's determination of historical facts, we conduct a *de novo* review of the trial court's application of the law to those facts.").

that Defendant's vehicle was impeding traffic." The majority opinion recognizes, and I agree, that the officer's bare assertion that appellant's car was "impeding traffic" is a legal conclusion, not a factual finding, because it describes a particular violation of the law. The trial court's adoption of that legal conclusion as a finding of fact does not transform it into something it is not; it remains a conclusion of law. *See State v. Sheppard*, 271 S.W.3d 281, 291-92 (Tex. Crim. App. 2008) (taking note of the problem of "mixing the apples of explicit factual findings with the oranges of conclusions of law," and stating that, regardless of how they are labeled, factual findings consist of "who did what, when, where, how, or why" and "do not include legal rulings on 'reasonable suspicion' or 'probable cause'; those are legal conclusions subject to *de novo* review, not deference"). In characterizing this second finding, the majority opinion states, "In this case, the trial court issued explicit findings of fact declaring credible the officer's statement that the vehicle was 'impeding traffic.'" Although I disagree that this is an explicit statement about the officer's credibility, I agree that the trial court implicitly found that the officer was credible in stating his subjective belief that the vehicle was impeding traffic. But an officer's honest belief that a traffic violation is being committed does not equate to reasonable suspicion, which is an objective standard that depends on the existence of specific, articulable facts. *See Ford v. State*, 158 S.W.3d 488, 492-93 (Tex. Crim. App. 2005) (noting that reasonable suspicion determination is based on "specific, articulable facts"; standard is an objective one and "disregards any subjective intent" of officer making stop). A trial court that adopts an officer's legal conclusion as its

sole relevant fact finding does not provide an appellate court an adequate basis upon which to review a suppression ruling.

Importantly, the trial court's fact findings utterly fail to address the key circumstances that an appellate court would need to consider to make a reasonable-suspicion determination, such as whether the driver of the sedan was driving more slowly than other traffic, whether the sedan affected the normal and reasonable movement of traffic, and whether reduced speed was somehow necessary for the safe operation of the vehicle or to comply with the law. *See* TEX. TRANSP. CODE § 545.363(a). Section 545.363(a) of the Transportation Code states, "An operator may not drive so slowly as to impede the normal and reasonable movement of traffic, except when reduced speed is necessary for safe operation or in compliance with law." *Id*. Several Texas courts of appeals have held that driving more slowly than the posted speed limit, without more, is inadequate to establish that the driver is impeding traffic. *See Tex. Dep't of Pub. Safety v. Gonzales*, 276 S.W.3d 88, 93 (Tex. App.—San Antonio 2008, no pet.) (driving 45 miles per hour in a 65 mile-per-hour zone did not constitute impeding traffic in absence of evidence describing overall amount of traffic on highway); *Richardson v. State*, 39 S.W.3d 634, 639 (Tex. App.—Amarillo 2000, no pet.) (driving 25 miles per hour below speed limit did not constitute impeding traffic because "there was little or no traffic on the road" and other vehicles had no difficulty passing slower one); *Davy v. State*, 67 S.W.3d 382, 393 (Tex. App.—Waco 2001, no pet.) (traffic not impeded because no other vehicles were present on the road at time of stop). Because the

trial court made only one finding that the vehicle "impeded traffic" without even explaining what that term may have meant in the context of this case, I disagree with the majority opinion's characterization of the trial court's fact findings as including all the facts needed to decide this case.

## II. This Court's Precedent Requires Reversal and Abatement for Additional Fact-Findings by the Trial Court

Although the trial court never made any finding that all of the facts in the offense report were true, it appears that the majority opinion accepts the entire report as true because the evidence was undisputed at trial. But this Court has never equated undisputed testimony with credible testimony. *State v. Elias*, 339 S.W.3d 667, 674 (Tex. Crim. App. 2011) (citing *State v. Ross*, 32 S.W.3d 853, 857 (Tex. Crim. App. 2000)). Even though evidence is undisputed, a trial court retains the authority to disbelieve it. *See id.* (citing *Ross*, 32 S.W.3d at 857). Furthermore, the losing party on a motion to suppress is, upon request, entitled to "essential findings" of fact that are "adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts." *Elias*, 339 S.W.3d at 674 (quoting *State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006)).[2] As we have held in several recent decisions, an appellate court must abate to the trial court for additional

---

[2] In the absence of any findings of fact, either because none were requested or none were spontaneously made by the trial court, an appellate court must presume that the trial court implicitly resolved all issues of historical fact and witness credibility in the light most favorable to its ultimate ruling. *State v. Elias*, 339 S.W.3d 667, 674 (Tex. Crim. App. 2011) (citing *State v. Ross*, 32 S.W.3d 853, 857 (Tex. Crim. App. 2000)). Because fact findings were properly requested by the losing party in this case, this presumption is inapplicable. *See State v. Mendoza*, 365 S.W.3d 666, 673 (Tex. Crim. App. 2012).

findings of fact when a party has requested findings of fact and the findings that are made by a trial court are so incomplete that an appellate court is unable to make a legal determination. *See State v. Saenz*, No. PD-0043-13, ___ S.W.3d ___, 2013 WL 5729973, at *7 (Tex. Crim. App. Oct. 23, 2013) (reversing and remanding for additional fact findings because dispositive historical facts were absent from trial court's findings); *Elias*, 339 S.W.3d at 674 (same); *State v. Mendoza*, 365 S.W.3d 666, 673 (Tex. Crim. App. 2012) (reversing and remanding for additional fact findings because dispositive credibility determination was absent from trial court's findings); *Cullen*, 195 S.W.3d at 699 (reversing and remanding for fact findings because trial court completely declined a proper request to issue them).[3] "We will not presume factual findings that may be dispositive in a case when a trial court's findings are an inadequate basis upon which to make a legal conclusion and when those findings have been properly requested by a losing party." *Saenz*, ___ S.W.3d at ___, 2013 WL 5729973, at *5; *see Elias*, 339 S.W.3d at 674; *Mendoza*, 365 S.W.3d at 673; *Cullen*, 195 S.W.3d at 699.

---

[3]     As we noted recently in *Saenz v. State*, however, "[t]he trial court is, of course, limited to making findings based on the facts that currently appear in the record." No. PD-0043-13, ___S.W.3d ___, 2013 WL 5729973, at *7 n. 6 (Tex. Crim. App. Oct. 23, 2013). Given the limited nature of the record in this case, I acknowledge that the trial court may find it difficult to remedy the inadequacy of its original findings. But such a task is not impossible, given the state of the record. The trial court's supplemental findings could, for example, expressly state whether it found credible the officer's statements in the offense report; whether there was a traffic congestion and whether that congestion was caused by appellant's vehicle; whether that congestion was different from ordinary traffic flow at that location; whether traffic volume was "moderate" and what that term might have meant in the context of this case; whether the speed at which appellant's vehicle was traveling was one that would affect traffic conditions; and whether appellant's vehicle was traveling in the lane designated for faster-moving vehicles, as the majority opinion suggests.

As in the cases cited above, a similar inadequacy exists in this trial court's findings regarding the historical facts to be considered when making the ultimate legal determination whether the officer had reasonable suspicion to detain the sedan for impeding traffic. To imply all facts in favor of the trial court's ruling, as the majority opinion in essence purports to do, conflicts with our earlier statements indicating that an appellate court should avoid making broad presumptions and should instead remand for supplemental findings when the trial court fails to enter essential and potentially dispositive findings. *See Elias*, 339 S.W.3d at 675-76. After *Cullen* and *Elias*, such broad presumptions in favor of the trial court's ruling are appropriate only when there are no findings of fact and none have been properly requested. *See Ross*, 32 S.W.3d at 857. Such is clearly not the case here.

The trial court's sole fact finding surrounding the traffic stop used the same conclusory phrase "impeding traffic" that the officer used in his offense report. The majority opinion surmises that what the officer really intended to say was that there was "a line of vehicles stacked up behind one slowly moving car." But that is pure speculation. Neither the trial court's fact findings nor the offense report explains what the officer actually meant by the term "impeding traffic." The officer could have been using the term in its technical legal meaning as the traffic offense, in a factual description as this Court's majority opinion suggests, or something else. We simply do not know, and I disagree that this Court should supplant the trial court as fact finder by ascribing meanings to terms that are unclear.

I also disagree that this Court should become the fact finder by adopting the facts described in the offense report when those facts have not expressly been adopted by the trial court. The majority opinion states, "It is true that, in this case, the officer used a legally meaningful phrase to describe what he saw, but unlike *Ford*,[4] he did more than provide an unsubstantiated subjective assertion—he provided other facts to support that statement." The opinion goes on to reason that the "trial court could not have credited the report's conclusion [that the vehicle was impeding traffic] without crediting the rest of its factual contents." This assessment does not alter the fact that the trial court failed to make any findings as to the veracity of the factual statements contained in the offense report. In fact, the trial court stated that its adoption of the officer's conclusion that the vehicle was impeding traffic was based on the uncontroverted nature of the evidence. But, as noted above, uncontroverted is different from credible, and even if the trial court believed the officer to be credible in his subjective belief that appellant's sedan was impeding traffic in violation of the law, the fact findings do not include articulable facts from which this Court could assess whether the officer had reasonable suspicion to make a traffic stop for that offense. *See Ford*, 158 S.W.3d at 492-93.

I conclude that the trial court's single relevant fact finding that the sedan was impeding traffic is based solely on an unsubstantiated, subjective assertion that is inadequate to establish that the State met its burden to prove that the stop was reasonably justified. *See*

---

[4]     *Ford v. State*, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005).

*Ford*, 158 S.W.3d at 493 (where arrest is shown to be warrantless, burden shifts to State to prove reasonableness of seizure, and specific, articulable facts must go beyond "mere opinions" or "a conclusory statement that [appellant] was violating a traffic law"); *Bishop v. State*, 85 S.W.3d 819, 822 (Tex. Crim. App. 2002) (State has burden of proof in warrantless seizure). I disagree with the majority opinion's holding that there is no "need to remand to the trial court for additional findings under *Ford* or *Mendoza*[5] because the trial court unambiguously found the offense report credible." As explained above, this is not an accurate representation of the trial court's fact findings, which address only the discrete legal conclusion that the vehicle was "impeding traffic," and which fail to make any assessment of the credibility or significance of the other statements in the offense report. I would hold that the court of appeals erred by failing to abate the case for complete findings of fact. I would sustain the State's second ground and reverse the judgment of the court of appeals. Because the majority opinion reinstates the trial court's suppression ruling instead of remanding to the court of appeals with instructions to abate for supplemental findings, I respectfully dissent.

Filed: November 27, 2013
Publish

---

[5]     *Ford*, 158 S.W.3d at 493; *Mendoza*, 365 S.W.3d at 673.