PD-0593-16
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 5/31/2016 10:36:13 AM
Accepted 6/1/2016 3:48:56 PM
ABEL ACOSTA
CLERK

# IN THE TEXAS COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **MCCLAIN EDWARD GLICKMAN,** *APPELLANT* | § § § § | **CCA NO. PD-_____-16** |
| **V.** | § § | **COA No. 05-15-00974-CR** |
| **THE STATE OF TEXAS,** *APPELLEE* | § § § | **TC No. 002-87183-2014** |

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

*APPELLANT'S PETITION FOR DISCRETIONARY REVIEW OF THE DECISION OF THE COURT OF APPEALS FOR THE FIFTH COURT OF APPEALS DISTRICT OF TEXAS IN CAUSE NUMBER 05-15-00974-CR, APPEALED FROM CAUSE NUMBER 002-87183-2014 IN THE COUNTY COURT AT LAW NO. 2 OF COLLIN COUNTY, TEXAS, THE HONORABLE BARNETT WALKER, JUDGE PRESIDING.*

### § § §

The privilege of presenting oral argument is hereby respectfully requested.

JERRY DEAN KELLY
Attorney At Law,
Dallas County, Texas

MICHAEL R. CASILLAS,
Attorney At Law,
State Bar No. 03967500
351 S. Riverfront Blvd.,
Dallas, Texas 75207-4399
(214) 748-2200/FAX (214) 748-5202
State Bar No. 03967500
michael@londonlawdfw.com

FILED IN
COURT OF CRIMINAL APPEALS

June 1, 2016

ABEL ACOSTA, CLERK

## TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

IDENTIFICATION OF TRIAL COURT BELOW.. . . . . . . . . . . . . . . . . . . . . . iv

INDEX OF AUTHORITIES.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . . . . . . 3

GROUNDS FOR REVIEW ONE THROUGH FIVE . . . . . . . . . . . . . . . . . . . . 4

Ground One: Did the panel below misinterpret Appellant's argument?

Ground Two: Did the panel below approve of the improper burden shifting in which the trial court engaged?

Ground Three: Did the panel below violate Tex. R. App. P. 47.1?

Ground Four: Did the panel below err by affirming the trial court's erroneous suppression ruling without applying the substantive principles from Ford v. State, 158 S.W.3d 488 (Tex. Crim. App. 2005) and Lothrop v. State, 372 S.W.3d 187 (Tex. Crim. App. 2012) that would have supported – if not compelled – a reversal of the trial court's erroneous suppression ruling?

Ground Five: Did the panel below's conclusion that reasonable suspicion for a warrantless detention had been adequately shown constitute error in light of how the panel below failed to apply the relevant principles from Ford and Lothrop that demonstrated the erroneous nature of the trial court's suppression ruling?

ARGUMENT.................................................... 5

GROUNDS FOR REVIEW
ONE, TWO, AND THREE: ANALYSIS.............................. 5

GROUNDS FOR REVIEW
FOUR AND FIVE: ANALYSIS. .................................. 10

PRAYER. ................................................... 14

CERTIFICATE OF
SERVICE AND COMPLIANCE. .................................. 16

COURT OF APPEALS' OPINION. ......................... APPENDIX

# IDENTITY OF PARTIES AND COUNSEL

Petitioner – (Appellant Below):  McClain Edward Glickman

Represented by:

> The Honorable Jerry Dean Kelly, Attorney At Law
> 4131 N. Central Expressway, Suite 110
> Dallas, Texas 75204
>
> Michael R. Casillas, Attorney At Law
> 351 S. Riverfront Blvd.
> Dallas, Texas 75207

Respondent – (Appellee Below): The State of Texas

Represented by:

> The Honorable Greg Willis, Criminal District Attorney
> The Honorable John Rolater, Assistant District Attorney
> The Honorable Amy Murphy, Assistant District Attorney
>
> Office of the District Attorney of Collin County, Texas
> 2100 Bloomdale Road, Suite 100
> McKinney, Texas 75071

# IDENTIFICATION OF TRIAL COURT BELOW

> County Court at Law No. 2
> Of Collin County, Texas –
> The Honorable Barnett Walker, Judge Presiding

# INDEX OF AUTHORITIES

**CASES**                                                                                    **PAGES**

Bushell v. Dean, 803 S.W.2d
  711 (Tex. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Ford v. State, 158 S.W.3d 488
  (Tex. Crim. App. 2005). . . . . . . . . . . . . . . . . . ii,iii,1,2,4,5,6,7,8,10,11,12,13

Glickman v. State, No. 05-15-00974-CR,
  2016 Tex. App. LEXIS 4860 (Tex.
  App. – Dallas May 6, 2016, pet. filed)
  (mem. op., not designated for publication). . . . . . . . . . . . . . . . . . . 3,7,8,11,12

Johnson v. State, 938 S.W.2d 65
  (Tex. Crim. App. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Light v. State, 15 S.W.3d 104
  (Tex. Crim. App. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Lothrop v. State, 372 S.W.3d 187
  (Tex. Crim. App. 2012) . . . . . . . . . . . . . . . . . . ii,iii,1,2,4,5,7,9,10,11,13,14


**ARTICLES, RULES, CODES, AND CONSTITUTIONS**

Tex. R. App. P. 4.1(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Tex. R. App. P. 9.4(i)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Tex. R. App. P. 9.4(i)(2)(D) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Tex. R. App. P. 47.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii,4,5,8,9

Tex. R. App. P. 66.3(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Tex. R. App. P. 66.3(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Tex. R. App. P. 68.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Tex. Transp. Code §545.058(a)(1)-(7) . . . . . . . . . . . . . . . . . . . . . . . . . . . 11,13

Tex. Transp. Code §545.058(a)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,7,10

**IN THE TEXAS COURT OF CRIMINAL APPEALS**

| | | |
|---|---|---|
| MCLAIN EDWARD GLICKMAN, | § | CCA NO. PD-_____-16 |
| APPELLANT | § | |
| | § | |
| V. | § | COA No. 05-15-00974-CR |
| | § | |
| THE STATE OF TEXAS, | § | |
| APPELLEE | § | TC No. 002-87183-2014 |

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TO THE HONORABLE TEXAS COURT OF CRIMINAL APPEALS:

The instant petition for discretionary review is filed on behalf of McClain Edward Glickman (hereinafter Appellant) by and through her undersigned co-counsel, Jerry Dean Kelly and Michael R. Casillas, Attorneys at Law.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant requests that the instant petition be granted. The instant case presents this Court with a combination of issues involving the manner in which the opinion below not only misinterpreted Appellant's argument, but also failed to heed the relevant portions of Ford v. State, 158 S.W.3d 488 (Tex. Crim. App. 2005) and Lothrop v. State, 372 S.W.3d 187 (Tex. Crim. App. 2012) that had been cited to the panel below. Accordingly, the privilege of presenting oral argument should be afforded to discuss how the opinion below failed to address every issue raised and necessary to the final disposition of the appeal and how the issues raised from Ford

1

and <u>Lothrop</u> compel the issuance of an opinion contrary to that which the panel below issued. Whether oral argument is granted or not, issuance of an opinion that reaches the conclusion that is dictated by the proper application of the relevant principles of <u>Ford</u> and <u>Lothrop</u> would provide beneficial assistance and guidance to the bench and bar regarding the protection of the rights of members of the populace in situations involving warrantless detentions. Accordingly, the instant petition for discretionary review should be granted even if too few of the honorable members of this honorable Court believe that oral argument should be granted.

## STATEMENT OF THE CASE

While Appellant was charged with and convicted of driving while intoxicated (DWI) as part of a plea bargain agreement, Appellant reserved his right to appeal the trial court's ruling on Appellant's suppression motion. Prior to entering into the plea bargain agreement, Appellant litigated the legality of the warrantless detention to which he had been subjected. While the trial court did conduct a pretrial hearing in regard to Appellant's motion to suppress, the trial court ultimately denied Appellant's motion to suppress. The trial court denied Appellant's suppression motion even though the video recording of Appellant's warrantless detention showed that Appellant's act of having driven on the improved shoulder of the roadway had been committed while the arresting officer – who was traveling faster than Appellant –

2

was rapidly approaching Appellant's vehicle from a rearward position.

## STATEMENT OF PROCEDURAL HISTORY

After Appellant's suppression motion was litigated and denied by the trial court, Appellant entered into a plea bargain agreement with the State. Appellant appealed the trial court's judgment of conviction to the Court of Appeals for the Fifth Court of Appeals District in Dallas, Texas (hereinafter "the Dallas Court"). Before the Dallas Court, Appellant raised a total of two issues: 1) that the trial court misinterpreted the relevant statute upon which Appellant's warrantless detention had been based; and 2) that the evidence had failed to provide sufficient grounds for reasonable suspicion for the temporary warrantless detention to which Appellant had been subjected.

The Dallas Court's initial unanimous opinion was originally issued on March 18, 2016, but Appellant timely filed both a motion for rehearing and a motion for rehearing en banc. While both of Appellant's motions for rehearing were denied, the Dallas Court withdrew its former opinion and subsequently issued another unanimous panel opinion on May 6, 2016. A copy of the Dallas Court's final panel opinion that was issued on May 6, 2016, appears in the attached appendix. Glickman v. State, No. 05-15-00974-CR, 2016 Tex. App. LEXIS 4860 (Tex. App. – Dallas May 6, 2016, pet. filed)(mem. op., not designated for publication). Since the 30th day after May 6, 2016

3

is the Sunday that is June 5, 2016, the instant petition for discretionary review is

timely so long as it is filed on or before the Monday that corresponds to the date of

June 6, 2016.  *See* Tex. R. App. P. 4.1(a); Tex. R. App. P. 68.2.

## GROUNDS   FOR   REVIEW

1.  Did the panel below misinterpret Appellant's argument?

2.  Did the panel below approve of the improper burden shifting in which the trial court had engaged?

3.  Did the panel below violate Tex. R. App. P. 47.1?

4.  Did the panel below err by affirming the trial court's erroneous suppression ruling without applying the substantive principles from Ford v. State, 158 S.W.3d 488 (Tex. Crim. App. 2005) and  Lothrop v. State, 372 S.W.3d 187 (Tex. Crim. App. 2012) that would have supported – if not compelled  – a reversal of the trial court's erroneous suppression ruling?

5.  Did the panel below's conclusion that reasonable suspicion for a warrantless detention had been adequately shown constitute error in light of how the panel below failed to apply the relevant principles from Ford and Lothrop that demonstrated the erroneous nature of the trial court's suppression ruling?

# ARGUMENT

## Grounds For Review One, Two, And Three

1. Did the panel below misinterpret Appellant's argument?

2. Did the panel below approve of the improper burden shifting in which the trial court had engaged?

3. Did the panel below violate Tex. R. App. P. 47.1?

In harmony with Lothrop v. State, 372 S.W.3d 187, 191 (Tex. Crim. App. 2012) and Ford v. State, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005), Appellant argued to the panel below regarding how the video recording of his warrantless detention showed that Appellant had driven on the roadway's improved shoulder while the arresting officer was approaching from behind and traveling faster than Appellant's vehicle was traveling. (Appellant's Opening Brief at pp. 17-23, 25-29). Appellant expressly argued that his act of having driven on the shoulder was consistent with the portion of the Texas Transportation Code that authorizes driving on a shoulder to permit "another vehicle traveling faster to pass." Tex. Transp. Code §545.058(a)(5)(Appellant's Opening Brief at pp. 17-23).

The trial court ruled that Appellant had not driven on the shoulder to let the arresting officer pass. (CR: 57; RR-2: 28). Appellant argued to the Dallas Court that it was implicit to the trial court's ruling that the trial court had assumed that

5

Appellant's act of driving on the shoulder had not been done to permit the arresting officer to pass. (Appellant's Opening Brief at pp. 22-23). Appellant reiterated this argument during oral argument before the Dallas Court and did so by stating that only Appellant could explain why he had initially driven on the shoulder while the arresting officer was approaching from behind Appellant at a speed that left no doubt that the arresting officer was traveling faster the speed at which Appellant was traveling. In both Appellant's Opening Brief and Appellant's oral argument, Appellant relied on how Ford, 158 S.W.3d at 492 made clear that the warrantless nature of the detention meant that Appellant had no duty to provide any explanation for his driving and Appellant's failure to provide any such explanation was – as a matter of law – irrelevant to the reasonable-suspicion analysis. (Appellant's Opening Brief at p. 23).

As part of this argument, Appellant argued to the Dallas Court that the trial court  – by assuming that Appellant had not driven on the shoulder to permit the arresting officer to pass – had "effectively placed on Appellant the burden of explaining what had motivated driving the Maxima onto the shoulder." (Appellant's Opening Brief at p. 23). Accordingly, Appellant's Opening Brief left no doubt that Appellant argued to the Dallas Court that the trial court had erred by having attributed to Appellant a certain intent (or lack thereof) relative to Appellant's act of having driven on the shoulder. The Dallas Court, however, expressly wrote that, "Appellant

6

cites to no authority that reflects the driver's motivation is a consideration when determining whether a detention is legal and we have found none." Glickman, No. 05-15-00974-CR, 2016 Tex. App. LEXIS 4860, at *6.

By having characterized Appellant's argument as having been dependent on Appellant's motivation for having driven on the shoulder, the Dallas Court has clearly misinterpreted Appellant's argument, which on its face faulted the trial court for having assumed that Appellant act of having initially driven on the shoulder had **NOT** been done by Appellant to permit the arresting officer to pass. Again, Appellant cited Ford, 158 S.W.3d at 492 to the Dallas Court for the propositions that the warrantless nature of the detention meant that Appellant had no duty at all to explain why he had driven on the shoulder (in a manner that just happened to be consistent with Tex. Transp. Code §545.058(a)(5)) and that Appellant's failure to provide any explanation for his driving was irrelevant to the reasonable-suspicion analysis – as a matter of law. (Appellant's Opening Brief at p. 23).

Finally, Appellant also cited Lothrop, 372 S.W.3d at 191 for the proposition that Tex. Transp. Code §545.058(a) did not set up any type of burden shifting framework, which further supported Appellant's position that he had no duty to provide any explanation for his conduct that was consistent with that expressly authorized by Tex. Transp. Code §545.058(a)(5). Having failed to address the actual substantive content

7

of Appellant's argument regarding how the trial court had attributed to Appellant a lack of intent, it is hardly surprising that the Dallas Court failed to address Appellant's burden-shifting issue in any in-depth manner, as is shown by the Dallas Court's wholly conclusory statement that, "Thus, there was no impermissible shifting of burdens in this case." Glickman, No. 05-15-00974-CR, 2016 Tex. App. LEXIS 4860, at *7.

Under the express terms of the relevant provision of the Texas Rules of Appellate Procedure, all intermediate appellate courts have a duty to issue opinions that address every issue raised and necessary to the final disposition of the appeal. *See* Tex. R. App. P. 47.1. This Court and the Texas Supreme Court have issued opinions making clear the mandatory nature of the language of Tex. R. App. P. 47.1 and what compliance therewith requires. *See, e.g.*, Bushell v. Dean, 803 S.W.2d 711 (Tex. 1991); Light v. State, 15 S.W.3d 104 (Tex. Crim. App. 2000); Johnson v. State, 938 S.W.2d 65 (Tex. Crim. App. 1997). By having stated that Appellant was relying on what his intent was (when Appellant had expressly argued that it had been the trial court that had attributed to Appellant a lack of intent), the Dallas Court misinterpreted Appellant's argument and actually failed to address the issues Appellant raised that were necessary to the final disposition of the appeal regarding how Appellant had no duty to explain anything under Ford and how the trial court's assumption that

Appellant had not been initially attempting to let to the arresting officer pass violated Lothrop by constituting an exercise in improper burden shifting by the trial court (as to which the Dallas Court then affixed its appellate seal of approval).

Accordingly, this Court should grant grounds one, two, and three of Appellant's instant petition for discretionary review and should issue an opinion that makes clear that intermediate appellate courts may not, consistent with the mandatory language of Tex. R. App. P. 47.1, misinterpret the issues and arguments made by appellants, but must address the actual issues and express arguments proffered by any party who appeals a case to the intermediate appellate court.

## Grounds For Review Four And Five

4. Did the panel below err by affirming the trial court's erroneous suppression ruling without applying the substantive principles from Ford v. State, 158 S.W.3d 488 (Tex. Crim. App. 2005) and Lothrop v. State, 372 S.W.3d 187 (Tex. Crim. App. 2012) that would have supported – if not compelled – a reversal of the trial court's erroneous suppression ruling?

5. Did the panel below's conclusion that reasonable suspicion for a warrantless detention had been adequately shown constitute error in light of how the panel below failed to apply the relevant principles from Ford and Lothrop that demonstrated the erroneous nature of the trial court's suppression ruling?

The contents of the video recording of Appellant's warrantless detention that was admitted into evidence clearly shows that the act of driving on the improved shoulder – that was relied on by the arresting officer and the trial court – occurred concomitantly with the arresting officer's approaching from the rear and traveling faster than Appellant's car. Accordingly, Appellant – based on the combination of Lothrop and Ford – directly and expressly argued to the Dallas Court that insufficient grounds for reasonable suspicion had been demonstrated because the State's evidence showed initial conduct by Appellant that was consistent with the portion of Tex. Transp. Code §545.058(a)(5) that permits a driver to drive on the shoulder so as to let a vehicle traveling faster to pass. (Appellant's Opening Brief at pp. 25-30).

In support of his arguments, Appellant cited Ford's propositions that the warrantless nature of Appellant's detention meant that Appellant had no duty to prove that the arresting officer's detention had been improper and that Appellant's "failure" to prove the impropriety of the arresting officer's detention was – as a matter of law – irrelevant to the reasonable-suspicion analysis. (Appellant's Opening Brief at pp. 28-29). Appellant also cited Lothrop's proposition that evidence that a motorist's driving was safely done and consistent with one of the approved purposes of Tex. Transp. Code §545.058(a)(1)-(7) failed as a matter of law to provide reasonable suspicion that any offense had been committed, such that no detention could be legally or properly based thereon. (Appellant's Opening Brief at pp. 26-27).

Despite Appellant's citation of the aforementioned principles from Ford and Lothrop and despite the fact that the State's evidence showed only that Appellant's initial act of driving on the shoulder had been consistent with a decision by Appellant to let the approaching arresting officer (who was traveling faster than Appellant) to pass, the Dallas Court's opinion made only passing mention of the relevant portion of Lothrop and failed in any way to mention – much less address – the relevant portion of Ford upon which Appellant had relied. *See* Glickman, No. 05-15-00974-CR, 2016 Tex. App. LEXIS 4860, at *4-8. Moreover, the Dallas Court's glossing over of the relevant portion of Lothrop was based on the trial court's conclusion that Appellant

11

had not initially driven on the shoulder to let the arresting officer to pass, which such conclusion the Dallas Court then adopted as its own in concluding that there was no error in the trial court's suppression ruling. *See* Glickman, No. 05-15-00974-CR, 2016 Tex. App. LEXIS 4860, at *6, 8.

By having adopted the trial court's ruling that was based on having attributed to Appellant a lack of intent for the initial act of driving on the shoulder, the Dallas Court not only provided further proof of its misinterpretation of Appellant's argument (as was discussed in regard to Appellant's first ground for review), but also ruled against Appellant based on Appellant's failure to provide an explanation for why he had driven on the shoulder. *See* Glickman, No. 05-15-00974-CR, 2016 Tex. App. LEXIS 4860, at *6, 8. In light of how Ford makes clear that, in the context of a warrantless detention, any motorist's failure to provide an explanation for his or her driving is – as a matter of law – irrelevant to the reasonable suspicion analysis, the Dallas Court clearly violated Ford by affirming the trial court's erroneous suppression ruling through the acceptance, reiteration, and application of the ruling that Appellant had not committed the act of driving on the shoulder as part of an initial decision to let the arresting officer pass. *See* Ford, 158 S.W.3d at 492 ("[W]hether Ford attempted to refute the existence of sufficient suspicion is irrelevant to the reasonable-suspicion analysis."). Moreover, since the State's own evidence showed that Appellant's initial

12

act of driving on the shoulder had been consistent with Tex. Transp. Code §545.058(a)(1)-(7) and Lothrop's interpretation thereof (which expressly included a hypothetical example of having driven on the shoulder to permit a car traveling faster to pass), the Dallas Court clearly violated Lothrop by affirming the trial court's erroneous suppression ruling when the evidence supported the conclusion that Appellant had committed the act of driving on the shoulder as part of an initial decision to let the arresting officer pass. *See* Lothrop, 437 S.W.3d at 191.

Accordingly, this Court should grant grounds four and five of Appellant's instant petition for discretionary review and should issue an opinion that makes clear that intermediate appellate courts may not, consistent with the cited portions of Ford and Lothrop, properly affirm suppression rulings by in effect requiring Appellants to provide explanations for warrantless detentions they were subjected to based on conduct that was consistent with that which the Legislature has deemed legal by express statutory provision.

Based on all the aforementioned reasons and the legal authority cited in conjunction therewith, Appellant's grounds for review one through five should be granted pursuant to the express terms of Tex. R. App. P. 66.3(c) because the Dallas Court has expressly decided an important question of state law in a way that conflicts substantively with the principles of this Court's applicable binding decisions in Ford

and <u>Lothrop</u>. Appellant's five grounds for review should also be granted pursuant to the express terms of Tex. R. App. P. 66.3(f) because the Dallas Court, by having committed the aforementioned errors that are so completely contrary to this Court's applicable, binding precedents has so far departed from the accepted and usual course of judicial proceedings as to fully justify this Court's exercise of its supervisory powers.

Accordingly, this Court should review the decision of the Dallas Court based on the substantive content of Appellant's five grounds for review and should – based upon and consistent with the legal authority cited in support thereof – reverse the judgment of the Dallas Court in Appellant's case.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant prays that this Court will first grant Appellant's instant petition for discretionary review and then ultimately issue an opinion concluding that the State's evidence failed to provide sufficient grounds for a finding of reasonable suspicion, such that the trial court erred in denying Appellant's suppression motion.

Respectfully submitted,

JERRY DEAN KELLY

14

Attorney At Law
Dallas County, Texas




/s/ Michael  R.  Casillas
MICHAEL  R.  CASILLAS,
Attorney At Law,
State Bar No. 03967500
351 S. Riverfront Blvd.
Dallas, Texas  75207
(214) 748-2200/FAX (214) 748-5202
michael@londonlawdfw.com

15

## CERTIFICATE OF SERVICE AND COMPLIANCE

I hereby certify that – no later than June 13, 2016 – a true, electronically-formatted copy of the instant Petition for Discretionary Review was served on opposing counsel, the Hon. John Rolater and was also served on the State's Prosecuting Attorney, the Hon. Lisa McMinn by use of the electronic service function that accompanies the filing of the instant Petition for Discretionary Review with this Court through the electronic filing service provider to which Appellant's counsel subscribes.

Furthermore, I hereby certify – based on the word count function of the word-processing software program with which the instant Petition for Discretionary Review was drafted – that the relevant portions of the instant Petition for Discretionary Review – as defined by Tex. R. App. P. 9.4(i)(1) – contain 2,348 words. Accordingly, I hereby certify that instant Petition for Discretionary Review contains 2,348 words and does not contain more than the 4,500 words permitted by Tex. R. App. P. 9.4(i)(2)(D).

/s/ Michael R. Casillas
MICHAEL R. CASILLAS

16

**APPENDIX:**

**COURT OF APPEALS' OPINION**

# Glickman v. State, 2016 Tex. App. LEXIS 4860

1. Copy Citation

Court of Appeals of Texas, Fifth District, Dallas

May 6, 2016, Opinion Filed

No. 05-15-00974-CR

Reporter
2016 Tex. App. LEXIS 4860

MCCLAIN EDWARD GLICKMAN, Appellant v. THE STATE OF TEXAS, Appellee

Notice:

PLEASE CONSULT THE TEXAS RULES OF APPELLATE PROCEDURE FOR CITATION OF UNPUBLISHED OPINIONS.

Prior History:

[1] On Appeal from the County Court at Law No. 2, Collin County, Texas. Trial Court Cause No. 002-87183-2014.

Glickman v. State, 2016 Tex. App. LEXIS 2865 (Tex. App. Dallas, Mar. 18, 2016)

## Core Terms

shoulder, improved, trial court, driving, reasonable suspicion, traffic, traveling, purposes, suppress, detention, detain

## Case Summary

Overview

HOLDINGS: [1]-The trial court did not err in denying defendant's motion to

suppress evidence in his DWI case, because the officer had a reasonable suspicion that defendant had committed the offense of driving on an improved shoulder in violation of Tex. Transp. Code Ann. § 545.058 (2011) when he detained defendant; [2]-The trial court found that none of the enumerated purposes in Tex. Transp. Code Ann. § 545.058 existed at the time defendant drove his vehicle on an improved shoulder; [3]-The evidence did not compel the conclusion that defendant was pulling over to permit the officer to pass when he drove on the shoulder; [4]-Defendant cited to no authority that reflected the driver's motivation was a consideration when determining whether a detention was legal.

Outcome

Order affirmed.

# LexisNexis® Headnotes

Criminal Law & Procedure > Preliminary Proceedings > Pretrial Motions & Procedures > Suppression of Evidence
Criminal Law & Procedure > Appeals > Standards of Review
Criminal Law & Procedure > Trials > Witnesses > Credibility
Evidence > Weight & Sufficiency
Evidence > Types of Evidence > Testimony > Credibility of Witnesses

HN1 The appellate court reviews a trial court's ruling on a motion to suppress for abuse of discretion. The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. Thus, the appellate court affords almost total deference to a trial court's determination of historical facts supported by the record which are based upon evaluation of credibility and demeanor of the witnesses. The findings of fact of the trial court, which find support in the record, and the rational inferences drawn from the supported facts, are entitled to deference on appeal. However, the legal conclusion drawn from those facts is reviewed de novo. Shepardize - Narrow by this Headnote

Criminal Law & Procedure > ... > Standards of Review > De Novo Review > Conclusions of Law

HN2 Questions involving legal principles and the application of law to established facts are reviewed de novo. Shepardize - Narrow by this Headnote

Criminal Law & Procedure > ... > [Warrantless Searches](#) > [Stop & Frisk](#) > [Detention](#)
Criminal Law & Procedure > ... > [Warrantless Searches](#) > [Stop & Frisk](#) > [Reasonable Suspicion](#)

[HN3](#) An officer conducts a lawful temporary detention when he or she has reasonable suspicion to believe that an individual is violating the law. Reasonable suspicion exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person actually is, has been, or soon will be engaged in criminal activity. [Shepardize - Narrow by this Headnote](#)

Transportation Law > [Private Vehicles](#) > [Traffic Regulation](#)
Criminal Law & Procedure > [Criminal Offenses](#) > [Vehicular Crimes](#) > [Traffic Regulation Violations](#)

[HN4](#) Driving on an improved shoulder is not permitted unless it is necessary and may be done safely, but only for one of the following purposes: (1) to stop, stand, or park; (2) to accelerate before entering the main travelled lane of traffic; (3) to decelerate before making a right turn; (4) to pass another vehicle that is slowing or stopped on the main traveled portion of the highway, disabled, or preparing to make a left turn; (5) to allow another vehicle traveling faster to pass; (6) as permitted or required by an official traffic-control device; or (7) to avoid a collision. [Tex. Transp. Code Ann. § 545.058](#) (2011). [Shepardize - Narrow by this Headnote](#)

Criminal Law & Procedure > ... > [Warrantless Searches](#) > [Stop & Frisk](#) > [Reasonable Suspicion](#)
Criminal Law & Procedure > [Criminal Offenses](#) > [Vehicular Crimes](#) > [Traffic Regulation Violations](#)

[HN5](#) The offense of illegally driving on an improved shoulder can be proved in one of two ways: either driving on the improved shoulder was not a necessary part of achieving one of the seven approved purposes, or driving on the improved shoulder could not have been done safely. Thus, if an officer sees a driver driving on an improved shoulder, and it appears that driving on the improved shoulder was necessary to achieving one of the seven approved purposes, and it is done safely, that officer does not have reasonable suspicion that an offense occurred. [Shepardize - Narrow by this Headnote](#)

[HN6](#) The Fourth Amendment inquiry is focused on whether the arresting officer made an objectively reasonable traffic stop, not the driver's intention or explanation for seemingly unlawful behavior. To make an investigative stop, the officer must possess a reasonable suspicion based on specific, articulable facts that, in light of the officer's experience and general knowledge, would lead the officer to reasonably conclude the person detained actually is, has been, or soon will be engaged in criminal activity. [Shepardize - Narrow by this Headnote](#)

Counsel: For Appellants: [Jerry Kelly](#), S. Craig Glickman, [Michael R. Casillas](#), Dallas, TX.

For Appellants:Amy Sue Melo Murphy, [John R. Rolater](#), McKinney, TX.

Judges: Before Justices [Fillmore](#), [Stoddart](#), and [Schenck](#). Opinion by Justice [Schenck](#).

Opinion by: [DAVID J. SCHENCK](#)

# Opinion

MEMORANDUM OPINION

Opinion by Justice Schenck

We withdraw our opinion of March 18, 2016 and substitute this opinion in its place. Appellant McClain Edward Glickman appeals the trial court's order denying his motion to suppress evidence in his driving while intoxicated (DWI) case. In two issues, appellant argues the trial court misinterpreted and misapplied the law and the evidence does not support appellant's detention. Because the trial court did not misapply the law and the evidence supports a finding of reasonable suspicion to detain appellant, we affirm the trial court's order denying appellant's motion.

Because all issues are settled in law, we issue this memorandum opinion. Tex. R. App. P. 47.4.

Background

Appellant was charged with DWI and with having previously been convicted of DWI. Prior to entering a plea of guilty, appellant moved to suppress all evidence obtained as a result of the traffic stop, alleging Officer Delia Rangel did not have reasonable suspicion to detain him.

At the hearing on appellant's [2] motion, the State called Officer Rangel to testify. She was the sole witness to testify at the hearing. She testified that on December 1, 2013, at approximately 11:00 p.m., she was dispatched to northbound Central Expressway, west of Bethany Road, in response to a 911 call reporting a Nissan Maxima traveling north on Central Expressway was speeding and swerving. Officer Rangel testified there were few cars on the road at that time and only one silver Nissan Maxima. She identified appellant as the driver of that vehicle. Officer Rangel stated she saw the vehicle driving on the improved shoulder for no apparent reason. The vehicle then swerved into the right lane, then into the center lane, and then back to the right lane all without signaling. Officer Rangel concluded appellant had committed the traffic offenses of driving on an improved shoulder and changing lanes without signaling. In addition to Officer Rangel's testimony, the State offered a copy of the 911 call and the police vehicle's in-car video of the stop. The trial court admitted the recordings into evidence and they were published at the hearing.

After hearing the testimony of Officer Rangel and viewing the video of the traffic [3] stop, the trial court noted the video shows that at the hour of 22:35:03 all four tires of appellant's car were on the improved shoulder and that nine seconds later the car swerved into the center lane. The trial court found none of the seven approved purposes for driving on an improved shoulder were present when appellant operated his vehicle on the improved shoulder. The trial court concluded appellant violated Texas Transportation Code section 545.058 and such violation provided justification for the stop and detention. Accordingly, the trial court denied appellant's motion to suppress.

Standard of Review

HN1 We review a trial court's ruling on a motion to suppress for abuse of discretion. See Oles v. State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their

testimony. See State v. Ross, 32 S.W.3d 853, 855-56 (Tex. Crim. App. 2000) (en banc). Thus, we afford almost total deference to a trial court's determination of historical facts supported by the record which are based upon evaluation of credibility and demeanor of the witnesses. See Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997) (en banc). Consequently, the findings of fact of the trial court, which find support in the record, and the rational inferences drawn from the supported facts, are entitled to deference on appeal. See Manzi v. State, 88 S.W.3d 240, 243 (Tex. Crim. App. 2002). However, [4] the legal conclusion drawn from those facts is reviewed de novo. See Kothe v. State, 152 S.W.3d 54, 62 (Tex. Crim. App. 2004) (holding HN2 questions involving legal principles and the application of law to established facts are reviewed de novo).

Discussion

In this case, the State stipulated appellant was arrested without a warrant. Therefore, the State had the burden to prove that the initial detention was legal. Ford v. State, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005) (citing Bishop v. State, 85 S.W.3d 819, 822 (Tex. Crim. App. 2002) (en banc).

HN3 An officer conducts a lawful temporary detention when he or she has reasonable suspicion to believe that an individual is violating the law. Id. (citing Balentine v. State, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002). Reasonable suspicion exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person actually is, has been, or soon will be engaged in criminal activity. Id. (citing Garcia v. State, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001).

Officer Rangel testified she observed appellant's vehicle cross over onto the improved shoulder on the solid white line. This according to the officer was the traffic offense of driving on the improved shoulder. Tex. Transp. Code Ann. § 545.058 (West 2011). HN4 Driving on an improved shoulder is not permitted unless it is necessary and may be done safely, but only for one of the following purposes:

  (1) to stop, stand, or [5] park;

  (2) to accelerate before entering the main travelled lane of traffic;

  (3) to decelerate before making a right turn;

  (4) to pass another vehicle that is slowing or stopped on the main traveled portion of the highway, disabled, or preparing to make a left turn;

(5) to allow another vehicle traveling faster to pass;

(6) as permitted or required by an official traffic-control device; or

(7) to avoid a collision.

Id.

Appellant's first issue has two sub-parts. In the first sub-part, appellant argues the trial court's statement during the hearing that the statute at issue contains a three-part test and applies if driving on an improved shoulder is necessary, done in a safe manner, and done for one of the seven enumerated reasons, establishes it misinterpreted and misapplied the law. Appellant cites Lothrop v. State for the proposition that the concept of being necessary is not a free-standing requirement, but rather is tied to one of the seven enumerated purposes. 372 S.W.3d 187, 190 (Tex. Crim. App. 2012). In Lothrop v. State, the Texas Court of Criminal Appeals stated HN5 the offense of illegally driving on an improved shoulder can be proved in one of two ways: either driving on the improved shoulder was not a necessary part of achieving [6] one of the seven approved purposes, or driving on the improved shoulder could not have been done safely. Id. at 191. Thus, if an officer sees a driver driving on an improved shoulder, and it appears that driving on the improved shoulder was necessary to achieving one of the seven approved purposes, and it is done safely, that officer does not have reasonable suspicion that an offense occurred. Id. In this case, the trial court found none of the enumerated purposes in section 545.058 existed at the time appellant drove his vehicle on an improved shoulder. Thus, an analysis of necessity did not come into play and the trial court did not misapply the law. We overrule the first sub-part of appellant's first issue.

In the second sub-part, appellant argues the trial court in effect placed a burden on appellant to explain what motivated him to drive his vehicle on the shoulder. Appellant cites to no authority that reflects the driver's motivation is a consideration when determining whether a detention is legal and we have found none.HN6 The Fourth Amendment inquiry is focused on whether the arresting officer made an objectively reasonable traffic stop, not the driver's intention or explanation for seemingly unlawful behavior. Crittenden v. State, 899 S.W.2d 668, 671 (Tex. Crim. App. 1995). To make [7] an investigative stop, the officer must possess a reasonable suspicion based on specific, articulable facts that, in light of the officer's experience and general knowledge, would lead the officer to reasonably conclude the person detained actually is, has been, or soon will be engaged in criminal activity. Garcia, 43 S.W.3d at 530. Thus, there was no impermissible shifting of burdens in this case. We overrule the second sub-part of appellant's first issue.

In his second issue, appellant argues the evidence established Officer Rangel's vehicle traveled at a speed that allowed her to overtake appellant's vehicle and therefore it was a vehicle traveling faster that would justify appellant driving onto the improved shoulder to let her vehicle pass. In support of this argument, appellant contends the light emanating from the headlights of Officer Rangel's patrol car alerted appellant the vehicle behind him was closing the gap between the vehicles and justified his decision to turn his vehicle onto the improved shoulder of the highway. Nevertheless, appellant's argument and the record do not support the conclusion that the trial court abused its discretion in finding the officer was justified in stopping and detaining [8] appellant. The video recording shows appellant did not pull over to let Officer Rangel pass, rather he drove onto the shoulder for approximately 9 seconds and then moved into the right lane, then the center lane, and then back to the right lane. During that time, Officer Rangel did not pass appellant's vehicle. Thus, the evidence before the trial court does not compel the conclusion that appellant was pulling over to permit Officer Rangel to pass when he drove on the shoulder and the trial court did not err in denying appellant's motion to suppress. We overrule appellant's second issue.

Conclusion

We conclude the evidence supports a finding that Officer Rangel had a reasonable suspicion that appellant had committed a traffic violation when she detained him. Accordingly, we affirm the trial court's order denying appellant's motion to suppress.

/s/ David J. Schenck

DAVID J. SCHENCK

JUSTICE

Do Not Publish

Tex. R. App. P. 47

JUDGMENT

Based on the Court's opinion of this date, the judgment of the trial court is AFFIRMED.

Judgment entered this 6th day of May, 2016.